### Elizabeth Koch *et al.*

*v.*

### Edwin S. Hubbard.

1. Bill to quiet title—*by holder of tax title.* If the holder of a tax title can maintain a bill to quiet title, it can only be done by his showing that all the requirements of the Revenue law in imposing the tax, in adver-tising the land for sale, in rendering the judgment, in conducting the sale, in giving notice of the sale, and in filing affidavit of service of the notice or publication, and the execution of the deed, have been complied with, if not strictly, at least substantially.

2. Where a bill to quiet title was based upon a tax title and limitation, and it failed to show affirmatively the proceedings, so that it might be seen whether the title was a good one or not, and failed to show when possession of the land and payment of taxes under the title commenced, or how it was continued, but charged generally possession and payment of taxes for seven years, it was *held*, that the bill made no case of which a court of equity could take jurisdiction.

Writ of Error to the Circuit Court of Hardin county; the Hon. Andrew D. Duff, Judge, presiding.

This was a bill in chancery, filed by Edwin S. Hubbard, against Elizabeth Koch, James A. Koch, Rosalia Koch, Maria Weidmar and Morgiana Hillgard.

Mr. Green B. Raum, for the plaintiffs in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in equity, brought to quiet title. Complainant alleges, plaintiffs in error were the owners in fee, or claim an interest in certain described lands in Hardin county; that they failed to pay the taxes for the years 1862–3, and the sheriff having at the June term, 1865, of the Hardin county court, recovered judgment against the land for taxes for those years for an unnamed sum, that on an unnamed day, being the next Monday following the judgment, the sheriff sold the land for taxes to J. B. Hobbs, to whom the sheriff executed a certificate of purchase; that Hobbs assigned the certificate of purchase to one McFarlan, who gave the notice, filed the affidavit required by law, and received a deed from the sheriff for the lands; that McFarlan paid all taxes thereon till he sold to complainant; that at a time, the day and year not named, complainant purchased and holds a deed for the lands.

The bill alleges, that the defendants to the bill are living, over thirty years of age, residents of the United States, and are of sound mind; that no person has redeemed or offered to redeem the land, or paid or offered to pay the taxes on the land, since the 1st of January, 1872, and that complainant has paid all taxes since his purchase; that he and McFarlan have been in peaceable possession for more than seven years, and paid the taxes thereon; that there are divers persons who doubt the validity of complainant's title, preventing persons from purchasing and settling the land, and prays that his title may be quieted, and he be adjudged and decreed to be the owner in fee of the lands, and defendant be barred and precluded from claiming title to the land.

The bill was taken *pro confesso* for want of answers, and the relief prayed was granted. The record is brought to this court on error, and a reversal is asked.

Does this bill disclose grounds for equitable relief? We think not. It is exceedingly loosely drawn. It fails to give any date except the time since which no person had offered to pay taxes. It fails to show that any requirement of the statute,

in levying the tax, in advertising the property, recovering the judgment, or conducting the sale, was complied with. Nor does it disclose the nature of the notice or affidavit, when given or made, or, in fact, anything that was done, in detail or even in substance. Nor is the averment of possession and payment of taxes for seven years any more definite. It fails to state when either was commenced or how continued.

Even if the holder of a tax title may maintain such a bill, it could only be done by his showing that all of the requirements of the Revenue law, in imposing the tax, in advertising the land for sale, in recovering the judgment, in conducting the sale, in giving notice of the sale, and in filing an affidavit of service of the notice or publication, and the execution of the deed, have been complied with, if not strictly, at least substantially. Complainant has wholly failed to do so in this case. A court of equity will not take jurisdiction in such a case.

The bill failing to disclose grounds for equitable relief, the court erred in decreeing the relief prayed, and the decree must be reversed.

*Decree reversed.*