McDUFFEE *et al. v.* SINNOTT *et al.*     449

ANDREW J. McDUFFEE *et al.*

*v.*

JOHN SINNOTT *et al.*

*Filed at Ottawa January 25, 1887.*

1. AMENDMENT—*of bill, changing a complainant to defendant.* It is within the discretion of the court to allow the amendment of a bill for partition to be so amended as to make one of the co-tenants a defendant, instead of a complainant; and the allowance of such amendment affords no just ground of complaint.

2. LIMITATION—*available for attack as well as defence.* Where the bar of the Statute of Limitations has become absolute, and the party entitled is in possession under it, it is thereafter just as available for attacking as for defensive purposes, and its availability in this respect will not depend upon the occupant continuing in the actual possession of the property. The title acquired by such bar may be asserted against all the world, including the paramount owner.

| | |
|---|---|
| 119 | 449 |
| 127 | 93 |
| 127 | 96 |
| 119 | 449 |
| 142 | 195 |
| 143 | 270 |
| 119 | 449 |
| 148 | 274 |
| 148 | 627 |
| 119 | 449 |
| 160 | 16 |
| 119 | 449 |
| 158 | 523 |
| 119 | 449 |
| 165 | 647 |
| 119 | 449 |
| 174 | 388 |
| 119 | 449 |
| 178 | 334 |
| 119 | 449 |
| 179 | 64 |
| 119 | 449 |
| 187 | ²303 |
| 119 | 449 |
| 194 | ²455 |
| 119 | 449 |
| 202 | ²161 |

APPEAL from the Circuit Court of Lake county; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. A. N. TAGGERT, for the appellants:·

The title of the appellees was only such as their ancestor derived under the Statute of Limitations, if title may be acquired that way. The Statute of Limitations has not the effect of conveying title to a party. *Newland* v. *Marsh,* 19 Ill. 381; *Harding* v. *Butts,* 18 id. 502; *McCagg* v. *Heacock,* 42 id. 150; *Sturgis* v. *Crawingshield,* 4 Wheat. 122; *Ogden* v. *Saunders,* 12 id. 213.

The only effect of a Statute of Limitations is as an armor of defence. 3 Washburn on Real Prop. pp. 52, *449, sec. 2; Angell on Limitations, (2d ed.) 397; 7 Wait's Actions and Defences, 224, *225; Cooley on Taxation, 381, *383.

If John Sennott, Sr., ever had any right to have title to the farm in question perfected in himself on any terms, that right was long since barred. *Hodgen* v. *Guttery,* 58 Ill. 432; Freeman on Judgments, p. 461, sec. 374.

29—119 ILL.

Appellees claim no right save such as they inherited from him.   Before they can have partition, or removal of a cloud, they must show, in fact, every essential of a *bona fide* right and valid title in themselves, and no presumption or fiction of law should be entertained in that behalf.   *Williams* v. *Wiggand*, 53 Ill. 233; *Wing* v. *Sherrer*, 77 id. 200; *Emery* v. *Cochran*, 82 id. 65; *Ross* v. *Young*, 5 Sneed, (Tenn.) 627.

They must rely solely on the strength of their own title, and not on the weakness of that of defendants.   *Huntington* v. *Allen*, 44 Miss. 654; 1 Wait's Actions and Defences, 666.

Messrs. Cook & Upton, for the appellees:

That all conflicting titles can be investigated and determined in all suits for partition of real estate, there can be no controversy.   *Gage* v. *Lightburn*, 93 Ill. 248; *Henrichsen* v. *Hodgen*, 67 id. 179.

That a party may acquire a title under the limitation laws, which he may assert, see *Hale* v. *Gladfelter*, 52 Ill. 91; *Hinchman* v. *Whetstone*, 23 id. 185; *Emery* v. *Cochran*, 82 id. 65; *Wing* v. *Sherrer*, 77 id. 200; *Williams* v. *Wiggand*, 53 id. 233; *Ross* v. *Cobb*, 48 id. 111.

A right to land acquired by limitation is affirmative, and may be enforced.   See *Hinchman* v. *Whetstone*, 23 Ill. 185; 6 Wait's Actions and Defences, 436.

Mr. Justice Mulkey delivered the opinion of the Court:

This is an appeal by Andrew J. McDuffee and others, from a decree of the circuit court of Lake county, awarding partition of a certain quarter section of land, at the suit of John Sinnott and others, claiming as heirs-at-law of John Sinnott, deceased.

The bill in the case, which is clearly sustained by the proofs, shows that Isaac T. Townsend and wife, on the 14th day of July, 1852, conveyed the land in controversy to John

Sinnott, the father of the complainants, and of Maria E. Bennett, one of the defendants; that within a short time thereafter, Sinnott went into possession of the land under the deed, and resided thereon with his family till the time of his death, which occurred in December, 1855; that Sinnott died intestate, leaving him surviving, six children, his only heirs, to-wit, Edmund, Hannah, Maria, Anna, James and John; that James quitclaimed his interest in the land to John, May 25, 1858; that the heirs, either by themselves or tenants, were in the actual occupancy and undisputed possession of the premises from the time of Sinnott's death up to the time of filing the present bill, in November, 1878; that appellee John Sinnott, acting on behalf of himself and the other heirs, paid all taxes legally assessed on the premises, from 1856 to 1873.

Such are the material facts, so far as the title of the Sinnott heirs is concerned. The title upon which they rely is based exclusively upon the Statute of Limitations.

All the heirs having an interest in the property were joined as complainants in the bill as originally drawn. Pending the suit, however, the court permitted the bill to be amended by making Maria, together with her husband, Clark T. Bennett, a defendant instead of a complainant, and this is assigned for error. The allowing of the amendment, we think, was within the discretion of the court, and affords no just ground for complaint, notwithstanding it materially changed the character of the bill. The interest of Bennett and wife being identical with that of complainants, as shown by the bill, they made no defence, suffering a decree *pro confesso* to go as to them.

The defendants, other than Bennett and wife, claim title to the premises as heirs-at-law of Henry Jackson, who appears to have died in possession of the premises in 1845 or 1846. In the view we take of the case, however, it is unnecessary to enter upon a discussion of the Jackson title, for, conceding, for the purposes of the argument, it was the older and better

title, yet it is clear, upon the facts as presented by the record, it was barred at the time of the commencement of this suit, both by the twenty and seven years' limitation. The only answer made to this position is, that limitation acts can only be availed of as a shield, and not as a sword, and a number of authorities are referred to as sustaining this position. In view of the repeated decisions of this court, it would be a fruitless consumption of time to enter upon a discussion of the cases decided outside of this State, for whatever the rule may be elsewhere, it is now well settled in this State that whenever the bar of the statute has become absolute, and the party entitled is in possession under it, it is thereafter just as available for attacking as for defensive purposes, and its availability in this respect will not depend at all upon the occupant continuing in the actual possession of the property. His rights in that respect are precisely the same as those of any other absolute owner of land. He can vacate it or occupy it, just as convenience or interest may dictate. *Paullin* v. *Hale,* 40 Ill. 274; *Whitney* v. *Stevens,* 77 id. 585; *Hinchman* v. *Whetstone,* 23 id. 185; *Hale* v. *Gladfelder,* 52 id. 91; *Chiles* v. *Davis,* 58 id. 411; *McCagg* v. *Heacock,* 42 id. 153; *Jacobs* v. *Rice,* 33 id. 369. Some of these cases, it is true, do not cover the entire proposition as above laid down, but they all support it with more or less directness, and, when taken together, fully establish it.

It must be admitted, that expressions of opinion are to be found, in some of the earlier cases, in respect to the manner in which these limitation acts operate, which are not as harmonious as they might be; but this is a matter of little importance, as the cases not overruled all concur in establishing the proposition that when the bar of the statute becomes absolute, in the sense above stated, the occupant thereby acquires such a title as he may successfully assert against all the world, including the paramount owner himself, except such as are laboring under disabilities.

Other questions are discussed in the briefs, but they are of a subordinate character, and not deemed of sufficient import-ance to require special notice. Suffice it to say, in general terms, that none of the objections urged against the regularity of the proceedings in the court below, or the propriety of the decree rendered, are deemed of sufficient importance to require a reversal.

The decree will be affirmed.

*Decree affirmed.*