# The City of Chicago *et al.*

## *v.*

# Chauncey O. Middlebrooke.

143  265
148  627
143  265
167   43
143  265
e211  1120

*Filed at Springfield November 2, 1892.*

1. LIMITATIONS—*proof of payment of taxes—presumption as to payment of special assessments.* Where a party proves that he paid all State, county, city, town, school, road, park and corporation taxes for seven successive years, under color of title, while the lots were vacant and unoccupied, and before his taking possession, it will be presumed, in the absence of evidence to the contrary, that no other tax or assessment was imposed upon the property, and that he had paid all taxes thereon during the seven successive years.

2. Where a party, for the purpose of showing title acquired under the seven years Limitation law, proves the payment of all general taxes for seven successive years, it will devolve on the party disputing his title to show, if such is the case, that the property had been specially assessed for some one of the years, and then the former will be required to prove payment of such special assessment, in order to establish his title.

3. SAME—*when the statute runs against a city, as to lands held by it.* Where a city holds lots in trust for the public, or has devoted them to a public use, the seven years Statute of Limitations will not apply to cut off the rights of the city. But where the property is not so held, and is used by the city for no purpose whatever, and has not been purchased with any special fund, it will hold the same like any private person, subject to the same duties and liable to the same obligations, and the Limitation law will apply against the city.

4. SAME—*application to municipal corporations.* Municipal corporations, in all matters involving mere private rights, as distinguished from public rights strictly so called, are subject to limitation laws to the same extent as private individuals.

5. SAME—*title thereunder—available for attack as well as for defense.* A party may show title to land by proving color of title and seven years' payment of taxes while the property is vacant, and possession after the completion of the tax payment; and such title is thereafter as available for attacking as for defensive purposes. The holder of such title may maintain a bill to remove a cloud on the title.

APPEAL from the Circuit Court of Cook county; the Hon. Oliver H. Horton, Judge, presiding.

Mr. John S. Miller, and Mr. George A. DuPuy, for the appellants:

The claimant under color of title must show affirmatively that he has paid all taxes. The law will not presume that. *Irwin* v. *Miller*, 23 Ill. 401; *Railroad Co.* v. *Forsyth*, 118 id. 274.

The Statute of Limitations does not apply, because this property is held solely for a public use. Section 8 of the act provides that neither sections 6 nor 7 shall apply "to lands held for any public purpose." *County of Logan* v. *Lincoln*, 81 Ill. 159.

Mr. George M. Trowbridge, for the appellee:

Proof of payment of special assessments is not necessary to establish the bar of the seventh section of the Statute of Limitations. Rev. Stat. chap. 83, sec. 7; *Canal Trustees* v. *Chicago*, 12 Ill. 403; *County of McLean* v. *Bloomington*, 106 id. 209; *Railroad Co.* v. *Decatur*, 126 id. 92; *Bleeker* v. *Ballou*, 3 Wend. 263; 2 Dillon on Mun. Corp. (3d ed.) sec. 778.

Proof of payment of general taxes has been tacitly recognized by this court as a sufficient compliance with the statute. *Coleman* v. *Billings*, 89 Ill. 183; *Gage* v. *Hampton*, 127 id. 87; *Bolden* v. *Sherman*, 110 id. 418; *Hinchman* v. *Whetstone*, 23 id. 185.

Even if the statute requires payment of special assessments as well as of the general taxes, appellee has made a *prima facie* case. *Bolden* v. *Sherman, supra.*

The rule of *nullum tempus* is not applicable to municipal corporations when the rights of the public at large are not involved. *Ramsay* v. *Clinton*, 92 Ill. 225; *County of Piatt* v. *Goodell*, 97 id. 84; *School Directors* v. *School Directors*, 105 id. 653; Dillon on Mun. Corp. (3d ed.) secs. 668-675; Wood on Limitations, sec. 53.

As appellants did not hold the property for the benefit of the public at large, it is not exempt from the operation of the

seventh section of the Statute of Limitations. *Alton* v. *Transportation Co.* 12 Ill. 38; *County of Logan* v. *Lincoln,* 81 id. 156; *County of Piatt* v. *Goodell,* 97 id. 84; 2 Dillon on Mun. Corp. secs. 532, 533.

The title acquired under this statute may be used for attack as well as for defense, and it may be asserted against the patent title. *McDuffee* v. *Sinnott,* 119 Ill. 449; *Bicknell* v. *Comstock,* 113 U. S. 150; *Gage* v. *Hampton,* 127 Ill. 87.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by Chauncey O. Middlebrooke, against the city of Chicago and Francis M. Barrett, trustee, to remove a cloud from the title of the complainant on lots 8 and 9, block 2, in the first division of Riverside, Cook county.

The complainant, in order to establish title to the lots in question, relied upon color of title, seven successive years' payment of taxes while the lots were vacant, and possession under such title after the expiration of the seven years' payment of all taxes. As a foundation of color of title complainant read in evidence, first, a deed dated December 11, 1882, from the county clerk of Cook county to John Carne, Jr., based upon a sale of lands for taxes in 1880; and second, a deed from John Carne, Jr., to complainant, dated January 29, 1883. The complainant also proved payment of taxes for the years 1882, 1883, 1884, 1885, 1886, 1887, 1888, 1889 and 1890, and that a short time before the filing of the bill he enclosed the lots with a fence, and had possession when the bill was filed.

It is, however, insisted, that the complainant was not entitled to a decree, upon three grounds: First, because he failed to show payment of all taxes legally assessed on the premises for seven years; second, the Statute of Limitations does not apply, because the property is held for a public use; and third, a bill to remove a paramount or patent title can not be predicated on a tax title and the Statute of Limitations.

We will consider the objections in the order in which they have been made.

The first objection to the decree is predicated on the alleged ground that the complainant failed to prove that he paid the special assessments levied on the property during the seven years. The complainant introduced in evidence tax receipts for the State, county, city, town, school, road, park and corporation taxes for nine successive years. Indeed, it is conceded in the argument that all taxes assessed on the property were paid each year, except special assessments, and there is no evidence in the record that any special assessment was levied during the time (nine years) the complainant paid the taxes, but it is insisted that complainant was bound to prove a negative, that no special assessments were levied. We do not concur in this view. When the complainant proved that he had paid all State, county, city, town, school, road, park and corporation taxes, it will be presumed, in the absence of any evidence to the contrary, that no other tax or assessment was imposed upon the property, and hence that he had paid all taxes assessed on the property. When the complainant proved the payment of all general taxes for nine years, it devolved on the defendant to show, if such was the case, that the property had been specially assessed for some one of the years, and then complainant would have been compelled to prove the payment of such special assessment, or he would have been defeated. But it will not be presumed, in the absence of proof, that property has been specially assessed. Indeed, as said before, the presumption is the other way. The complainant, however, did prove by Mr. Combs that he made an examination of the records in the office of the county clerk, and found that no assessments were levied on the property from 1881 to 1890, both inclusive, and that the lots had not been sold during that period. It is possible, as stated by the witness, that a special assessment might have been levied and wholly collected by the town collector, so that no record of the

assessment would appear in the office of the county clerk; but that is not probable. Indeed, it would be an extraordinary occurrence to find a case where the entire amount of a special assessment had been collected by a town collector. But however that may be, in the absence of any evidence that the property was specially assessed at any time during the nine years complainant paid the taxes, we think the evidence ample to establish payment of all taxes assessed on the property, as found by the circuit court.

The second point presents the question whether the ninth section of the act of 1839 will run against the city of Chicago. If the city had held the lots in trust for the public, or if the city had devoted the property to a public use, it might properly be claimed that the Statute of Limitations would not run, on the ground, as held in *City of Alton* v. *Illinois Transportation Co.* 12 Ill. 38, that public rights are not barred by the Statute of Limitations which requires certain real actions to be brought within seven years after possession taken by a defendant. But the property in question was not devoted to any public use or held for any public purpose. It appears from the evidence that the property consisted of two vacant lots. They were not used for a park, a street, or any other public purpose. The lots were not, so far as appears, purchased with any special fund, nor did the city use them for any purpose whatever. Under such circumstances, we think the city held the property in the same way that an individual would hold it, subject to the same duties and liable to the same obligations.

The question involved here arose in *County of Piatt* v. *Goodell*, 97 Ill. 84, and in the decision of the case, among other things, it is said: "The real and vital question in this case would then seem to be, can the title of lands belonging to a county, which are not held for some public use or trust, and which the county may at pleasure sell and convey without any breach of duty, be defeated by possession and payment of

taxes, under color of title made in good faith, for a period of seven years, in the same manner as if they belonged to an individual." After a review of previous decisions it was further said: "Upon a careful consideration of the authorities the better opinion would seem to be, that municipal corporations, in all matters involving mere private rights, as contradistinguished from public rights strictly so called, are subject to limitation laws to the same extent as private individuals. The right of the county to the tract of land in controversy was not of such public character as exempted it from the operation of the Limitation act of 1839. The county had a perfect right to sell or otherwise dispose of the same at pleasure, at any time before the statute run. The public generally had no interest in it in common with the citizens and tax-payers of that county." This case would seem to be conclusive of the question, but see, also, 2 Dillon on Mun. Corp. secs. 532, 533.

The last point relied upon, that a bill to remove a cloud upon a title can not be maintained by a party who claims title under a tax deed, with seven years' payment of taxes and possession, is not tenable. In order to maintain a bill the complainant must show title to the property. This may be done by proving color of title, seven successive years' payment of taxes while the property is vacant, and possession after the completion of the tax payment, as well as showing a regular chain of title from the government. In passing on a title of this character in *McDuffee* v. *Sinnott*, 119 Ill. 449, it was held: "Where the bar of the Statute of Limitations has become absolute, and the party is in possession under it, it is thereafter as available for attacking as for defensive purposes, and may be asserted against the paramount owner." See, also, *Gage* v. *Hampton*, 127 Ill. 87; *Bicknell* v. *Comstock*, 113 U. S. 150.

The judgment will be affirmed.

*Judgment affirmed.*