# HENRY H. WALKER

*v.*

# JAMES W. CONVERSE.

*Filed at Ottawa January 16, 1894.*

1. LIMITATION—*title by, available for attack as well as for defense.* Where the bar of the Statute of Limitations has become absolute, and the party entitled is in possession under it, it is thereafter just as available for attacking as for defensive purposes, and may be successfully asserted against all the world, including the owner of the former paramount title; and the holder of such title by limitation may maintain a bill in equity to establish the same, and have the title of the former owner declared void, and removed as a cloud on complainant's title.

2. SAME—*what is "vacant and unoccupied land."* The phrase "vacant and occupied land," as used in section 7 of our present Statute of Limitations, means lands not in the actual possession of any one. Entries upon land which are merely temporary, and made without claim of right, or with the intention of excluding others therefrom, such as camping thereon, or leaving a chattel thereon, or occasionally building a hay-stack thereon, do not constitute actual possession, so as to change the character of vacant land to that of land actually possessed or occupied.

3. SAME—*possession to arrest running of statute.* A mere trespass upon land without claim or color of right, or repeated or continuous trespasses, can not constitute such occupancy as will arrest the running of the seventh section of the Statute of Limitations. There must be such possession or occupancy as will, in law, amount to an ouster of the legal possession arising from the title.

4. SAME—*tax deed as color of title.* A tax deed regular on its face, and which purports to convey the fee, is color of title under the Limitation act of 1839, and a party claiming under that act is not required to show that the requirements of the statute were complied with in the levying of the tax, the advertising of the property, the recovery of the judgment, the conducting of the sale and the execution of the deed. He is not required to go beyond the deed to see whether it actually passes the title or not.

5. TAX TITLE—*party claiming, must show a compliance with the statute.* Where a party relies on a tax deed as conveying to him the fee, it is incumbent on him to show that all the requirements of the law have been complied with.

6. POSSESSION—*when an entry on land is an ouster or a mere trespass.* An entry by one upon the land of another is an ouster of the legal pos-

session, arising from the title or not, according to the intention with which it is done. If made under claim or color of title it is an ouster, otherwise it is a mere trespass. In legal language the intention guides the entry and fixes its character.

7. CLOUD ON TITLE—*bill to remove—proving title under the Limitation act.* In order to maintain a bill to remove a cloud upon a title the complainant must show title to the property, and this may be done by proving color of title, seven successive years' payment of taxes while the property is vacant, and possession taken after the completion of the tax payment, as well as by showing a regular chain of title from the government.

8. CHANCERY—*relief granted under a general prayer.* Where a bill in chancery contains a general prayer for relief, it must be regarded as sufficient to support any decree warranted by the facts alleged in the bill.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Messrs. WOOLFOLK & BROWNING, for the appellant:

The question that the bill to establish title would not lie was argued on demurrer and the demurrer overruled, but the order recited that the demurrer was overruled without prejudice, and that the question should be reserved for argument and determination upon final hearing. This was the correct practice. 1 Daniell's Ch. Pr. 602; *Brownsword* v. *Edwards,* 2 Ves. Sr. 243; *Varick* v. *Smith,* 5 Paige's Ch. 137; *Mortimer* v. *Smith,* 3 DeG. & S. 316; *Baxendale* v. *Railway Co.* 8 Jur. St. S. 1.

The cases in States where the regular chancery practice has not been broken up by the code, or where statutory enactments have not modified equity jurisprudence, are uniform that such a bill will not lie unless the title has been previously established by legal adjudication. High on Injunctions, secs. 61, 340, 325; Story's Eq. Jur. 859; Pomeroy's Eq. Jur. secs. 246, 248, note 1, 253, note, 263, note, 267, 272, 1394; *Dedman* v. *Childs,* 3 T. B. Mon. 426; *Eldredge* v. *Hill,* 2 Johns. Ch. 281.

This court has repeatedly decided that a bill of peace, or a bill to establish a legal title or quiet title, will not lie unless complainant's title has already been adjudicated in him.

*Koch* v. *Hubbard*, 85 Ill. 533; *Scates* v. *King*, 110 id. 456; *Poyer* v. *Village of Des Plaines*, 123 id. 111; *Pratt* v. *Kendig*, 128 id. 293; Story's Eq. Jur. secs. 692, 694, *et seq.*

We claim that the occupancy by Weimers of the lot in question, from about 1880 to about 1886, was sufficient to take the lot out of the class of vacant and unoccupied land, and so break the running of the statute. This court has held that an occupancy or use need not be accompanied by claim of title or claim of right to occupy, to break the running of the statute. *Foster* v. *Letz*, 86 Ill. 412.

The bill contains no prayer asking that appellant's deed be decreed a cloud on appellee's title, and does not pray for an injunction of any kind, and consequently the case must be reversed for error. *Hall* v. *Towne*, 45 Ill. 493; *Gunnell* v. *Cockerill*, 84 id. 319; *Dinwiddie* v. *Bell*, 95 id. 360; *Gage* v. *Curtis*, 122 id. 520.

Mr. W. R. PLUM, and Mr. H. S. MECARTNEY, for the appellee:

A title acquired under the Limitation law is available for attack as well as for defense. *Chicago* v. *Middlebrooke*, 143 Ill. 265; *McDuffee* v. *Sinnott*, 119 id. 449; *Sharon* v. *Tucker*, 144 U. S. 533.

Bills *quia timet*, bills of peace and bills to remove clouds are distinguished. Anderson's Law Dic. 352, 661, 188, 189; Story's Eq. Jur. secs. 826, 827, 853, 700.

What constitutes actual possession of real estate is a question both of act and intention. An entry by one man on the land of another is an ouster of the legal possession arising from the title, or not, according to the intention with which it is done. If made under claim and color of right it is an ouster, otherwise it is a mere trespass. In legal language the intention guides the entry and fixes its character. *Ewing* v. *Burnet*, 11 Pet. 49.

The placing of Weimer's wagon upon the premises without any claim of right was a mere trespass, and not possession.

*Taylor* v. *Wright*, 121 Ill. 455; *Drake* v. *Ogden*, 128 id. 603; *Truesdale* v. *Ford*, 40 id. 80; *Austin* v. *Ruist*, 73 id. 491.

Actual possession of land may arise by such acts as indicate an exclusive use and control thereof. (*Brooks* v. *Bruyn*, 18 Ill. 539.) But the intention or *animus* of the party, as connected with his action indicating ownership of land, is a necessary element and a question for the jury. *Brooks* v. *Bruyn*, 24 Ill. 373; *Morrison* v. *Kelley*, 22 id. 623.

If anything was needed to emphasize what our own Supreme Court has said on the subject, the following authorities might be considered in addition: Wood on Limitations, secs. 256, 257, 258; Sedgwick & Wait on Trial of Title to Land, secs. 719, 720, 728-735; *Ewing* v. *Alcorn*, 40 Pa. St. 493; *Proprietors* v. *Springer*, 4 Mass. 419.

Any tax deed which purports, on its face, to convey title is good color of title. *Coleman* v. *Billings*, 89 Ill. 183; *Thomas* v. *Eckard*, 88 id. 593; *Holloway* v. *Clarke*, 27 id. 483; *Piatt County* v. *Goodell*, 97 id. 84; *Whitney* v. *Stevens*, 89 id. 53; *Stubblefield* v. *Borders*, 92 id. 284; *Woodward* v. *Blanchard*, 16 id. 433; *Dawley* v. *Van Court*, 21 id. 460; 132 id. 155.

A prayer for general relief is sufficient to enable the complainant to obtain such a decree as his case entitled him to. This, of course, must be based upon the case stated by the bill and sustained by the proofs. Puterbaugh's Ch. (3d ed.) 59.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a bill in chancery, brought by James W. Converse against Henry H. Walker and others, alleging that the complainant is the owner in fee of lot 5, block 5, Brand's addition to Chicago; that his title was acquired under and by virtue of certain tax deeds, constituting claim and color of title made in good faith, and the payment of all taxes on the premises for seven successive years, the lot being during all that time vacant and unoccupied; that since the last payment of taxes, the complainant has taken possession of the premises, and is

now in possession thereof by his tenant; that certain conveyances to the defendants constitute a cloud on the complainant's title, and praying that the complainant's title may be confirmed, established and quieted in him, and that the title and claim of the defendants be declared void, and the deeds to them be held for naught, and a general prayer for relief.

Defendant Henry H. Walker answered the bill, the other defendants being defaulted for want of an answer, and a replication being filed, the cause was heard on pleadings and proofs, and at such hearing, the complainant, among other things, read in evidence a tax deed, dated March 2, 1882, executed by the proper officer, and purporting to convey the lot in question to the complainant. He also gave evidence tending to show that, from the date of the tax deed to some time in the year 1889, a period of seven years, the lot was· vacant and unoccupied, and that during all that time, the complainant paid all taxes thereon; that sometime in 1889, and after the expiration of the seven years, the complainant took possession of the lot and enclosed it and leased it to a tenant, and is now in possession thereof by his tenant.

The question whether the lot was unoccupied during the entire seven years was contested by the defendant, and evidence was introduced by him tending to show certain acts by one Weimers, which it is claimed constituted an occupancy of the lot during a portion of that time. The court found that the tax deed of March 2, 1882, constituted color of title made in good faith to the lot in question; that the lot was then vacant and unoccupied, and continued vacant and unoccupied for seven successive years thereafter, and that during that time the complainant paid all taxes and assessments thereon, and he was therefore adjudged to be the legal owner of the lot in fee simple, according to the purport of his paper title. And it was further decreed that the deeds purporting to convey the lot to the defendants were clouds on the complainant's title; that the defendants had no right in or to the lot, and they

were perpetually enjoined from asserting any right, title or interest in or to the same, and the title of the complainant was decreed to be quieted. From that decree, defendant Walker has appealed to this court.

The first point raised is, that the case made by the bill is not one which entitles the complainant to a decree establishing and quieting his title, and declaring it paramount to the title of the defendants. The contention is, that a title by limitation, under which a party is in possession of land, though admitted to be capable of being used by the owner of it for the purposes both of attack and defense, does not entitle him to maintain a bill in equity, for the purpose of having the former paramount title removed as a cloud upon his title, or for the purpose of having his title ascertained, declared and quieted, as against the owners of such former paramount title. We are of the opinion that this contention can not be sustained.

In *McDuffee* v. *Sinnott*, 119 Ill. 449, we held it to be the settled rule in this State, that whenever the bar of the statute has become absolute, and the party entitled is in possession under it, it is thereafter just as available for attacking as for defensive purposes, and may be successfully asserted against all the world, including the owner of the former paramount title. The case of *City of Chicago* v. *Middlebrooke*, 143 Ill. 265, was in all its essential features like the present. There Middlebrooke, who was in possession of real property under a title acquired by the payment of taxes for seven successive years, under claim and color of title made in good faith, and while the land was vacant and unoccupied, and had subsequently taken possession, brought his bill to have the paramount or patent title removed as a cloud upon his title, and a decree in accordance with the prayer of his bill was sustained. In reaching that conclusion, we said: "The last point relied upon, that a bill to remove a cloud upon a title can not be maintained by a party who claims title under a tax deed, with seven years' payment of taxes and possession, is not

tenable. In order to maintain a bill, the complainant must show title to the property. This may be done by proving color of title, seven successive years' payment of taxes while the property is vacant, and possession taken after the completion of the tax payment, as well as by showing a regular chain of title from the government.

The case of *Sharon* v. *Tucker*, 144 U. S. 533, is precisely in point. That was a suit in equity, by a party who was in possession of land under a title acquired by limitation, to establish his title as a matter of record, and to enjoin the defendants from asserting title thereto as heirs of the former owner. A decree in favor of the complainant in accordance with the prayer of the bill was sustained, the court holding that, adverse possession of real estate for the period designated by the Statute of Limitations, confers upon the occupant a complete title upon which he can stand as fully as if he had always held the undisputed title of record, and that he may maintain a bill in equity against those who, but for such acquisition, would have been the owners, for the purpose of having his title judicially ascertained and declared, and to enjoin the defendants from asserting title to the same premises from former ownership that has been lost. In discussing the ground upon which the equitable jurisdiction in such cases rests, the court held that the bill was not a bill of peace, not strictly a bill *quia timet*, but that the ground of equitable jurisdiction was the obvious difficulty and embarrassment in asserting and protecting a title not evidenced by any record, but resting in the recollection of witnesses, and that the warrant for its exercise is to be found in the ordinary jurisdiction of equity to perfect and complete the means by which the right, estate or interest of holders of real property, that is their title, may be proved and secured, or to remove obstacles to its enjoyment.

It is next urged that the bill is insufficient because it fails to show that the requirements of the statute were complied

with in the levying of the tax, the advertising of the property, the recovery of the judgment, the conducting of the sale and the execution of the tax deed which is relied upon as color of title. Such allegations were not necessary. The tax deed is not set up or relied upon as vesting the complainant with title, but merely as constituting color of title. The deed, so far as appears, was regular on its face and purported to convey the fee, and that was all that was necessary to constitute color of title. In *Holloway* v. *Clarke*, 27 Ill. 483, this court, in holding that a tax deed regular on its face was color of title, said: "Nor is a person relying upon a clerk's or sheriff's deed, on a tax sale, as has been repeatedly held by this court, bound to see that all the prerequisites of the law have been answered, before he can rely upon it as claim and color of title. If it appears on its face to be regular, that will suffice. When it so appears, the party is not required to go beyond the deed to see whether it actually passes the title or is void. If it were otherwise, the statute would be useless." See also *Lewis* v. *Pleasants*, 143 Ill. 271, and cases there cited.

But it is said that a different rule was laid down in *Koch* v. *Hubbard*, 85 Ill. 533. We do not so understand that case. There the complainant seems to have relied upon the tax deed as conveying to him the fee, and to sustain such a bill, it was of course incumbent upon him to show that all the requirements of the law had been complied with. No attempt appears to have been made to show title under the Statute of Limitations, by the payment of taxes for seven successive years under claim and color of title.

It is next insisted that the lot in question is shown not to have been vacant and unoccupied the entire seven years during which the complainant was paying the taxes thereon. Evidence was introduced by the defendants tending to show that a man by the name of Weimers, who was engaged in a small coal business, lived across the street from the lot, and was the owner of one wagon, and for a short time of two;

that for some years prior to 1880, he kept his wagon, when not in use, standing in the street in front of his house. It finally got broken a number of times while standing there, and he then "put it on the empty lot." It appears that he claimed no title to the lot, and paid no rent, and the witness being asked how he came to put his wagon over there, answered: "Because nobody owned it, and because he thought he had the same right as anybody else; there was nobody there to tell him not to do it, so he did it all the time. He left it there until he used it again."

It is clear from all the evidence, that Weimers, in standing his wagon, when not in use, on this uninclosed and vacant lot, did so as a mere trespasser, and not as exercising any act of legal possession, or under any claim of title. "An entry by one upon the land of another is an ouster of the legal possession arising from the title or not according to the intention with which it is done; if made under claim or color of title, it is an ouster, otherwise it is a mere trespass; in legal language, the intention guides the entry and fixes its character." *Ewing* v. *Burnet*, 11 Pet. 49.

In *Taylor* v. *Wright*, 121 Ill. 455, we held that the words "possession" and "occupancy" as used in section 216 of the Revenue Law are convertible terms, and are practically synonymous, and we are also of the opinion that the phrase "vacant and unoccupied land," as used in the seventh section of our present Statute of Limitations, must be understood as meaning, lands not in the actual possession of anyone. Entries upon land which are merely temporary, and made without claim of right, or with the intention of excluding others therefrom, such as camping thereon, or leaving a chattel thereon, or occasionally building a haystack thereon, do not constitute actual possession, so as to change the character of vacant land to that of land actually possessed or occupied.

In *Drake* v. *Ogden*, 128 Ill. 603, it was held that building a stack or two of hay on land each year and putting boards

around them to keep them from getting wet, no rent being paid or agreed to be paid for the privilege of stacking hay on the premises, did not constitute possession or occupancy, within the meaning of the statute requiring the purchaser at a tax sale to serve notice of the time of the expiration of the redemption from the sale on each occupant of the land. In *Truesdale* v. *Ford*, 40 Ill. 80, the possession set up consisted in the mere piling of wood and lumber, etc., on a tract of land, unaccompanied by any other act denoting ownership, and it was held that, where land is only used and enjoyed in common with others, or with the public in general, it can not be regarded as hostile to other persons claiming title, or as being made under claim of title, so as to charge subsequent purchasers with notice of an unrecorded deed.

It seems clear, in the light of these decisions, and upon principle as well, that a mere trespass upon vacant and unoccupied land without claim or color of right, or repeated or continuous trespasses, can not constitute such occupancy as will arrest the running of the seventh section of the Statute of Limitations. There must be such possession or occupancy as would in law amount to an ouster of the legal possession arising from the title. It follows that the evidence adduced on the part of the defendants in relation to the acts of Weimers was not sufficient to show that the lot in question was not vacant and unoccupied any portion of the seven years during which the complainant was paying the taxes under claim and color of title.

It is contended in the last place, that the decree is not supported by the prayer of the bill. As the bill contains a general prayer for relief, it must be regarded, under the rule now well recognized in this State, as sufficient to support any decree warranted by the facts alleged in the bill.

The decree, in our opinion, is sustained both by the pleadings and the evidence, and it will accordingly be affirmed.

*Decree affirmed.*