FRANKLIN P. SIMONS *et al.*

*v.*

ALICE DRAKE.

*Opinion filed April 17, 1899.*

1. LIMITATIONS—*title acquired under section 6 of Limitation act is absolute.* Whenever the bar of section 6 of the Limitation act (Rev. Stat. 1874, p. 674,) has become complete, the right and interest of the holder of the color of title is precisely the same as that of any other absolute owner of land.

2. SAME—*intention is immaterial where statute is complied with.* One who takes possession of land under a warranty deed believing the title to be perfect, and pays the taxes in compliance with section 6 of the Limitation act, is entitled to the benefit of such section, though the acts of compliance were not done with intent to take advantage of the statute.

3. COLOR OF TITLE—*notice of adverse claims is not bad faith.* Notice of adverse claims does not establish bad faith on the part of the holder of color of title.

4. CLOUD ON TITLE—*when amount of assessment need not be refunded.* One who receives a warranty deed for property after the entry of judgment of sale for a prior delinquent assessment and who acquires title under section 6 of the Limitation act as against deeds executed by the purchaser at the sale after he obtained his tax deed, is not required to pay the amount of such assessment as a pre-requisite to relief on the setting aside of such deeds as a cloud. (CRAIG and CARTWRIGHT, JJ., dissenting.)

5. SAME—*complainant must refund the taxes for which he was liable.*
Complainant in a bill to remove as a cloud a deed to defendant ex-
ecuted by the holder of a tax deed, based on a sale for taxes levied
while the complainant was in possession of the property claiming
ownership under a warranty deed, is not entitled to relief without
payment to the defendant of the amount due under the tax deed.

APPEAL from the Superior Court of Cook county; the
Hon. FARLIN Q. BALL, Judge, presiding.

FRANKLIN P. SIMONS, for appellants.

E. W. ADKINSON, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal taken to reverse a decree in chan-
cery entered in the superior court of Cook county, de-
claring certain conveyances to be clouds upon the title
of the appellee to two lots in school trustees' subdivision
of section 16, township 38, north, range 4, east, in Cook
county, and ordering such conveyances to be canceled.

It appeared appellee, complainant below, on Septem-
ber 14, 1877, under a warranty deed purporting to convey
the lots to her, entered into actual, open, adverse and
exclusive possession of the premises, and from thence-
forth to and at the date of the filing of the bill, to-wit,
March 24, 1897, retained such possession and paid all
taxes and assessments assessed against said lots each
year from and including the year 1880,—a period of nine-
teen years. The court found the appellee had complied
with the requirements of section 6 of chapter 83 of the
Revised Statutes, entitled "Limitations," and, under the
operation of that enactment, in the year 1887 acquired
title to the said lots and became the owner thereof as
against all persons not under disability.

It appeared a judgment was entered against the lots
on August 15, 1876, for delinquent special assessments,
and by virtue of a sale thereunder John McCaffery ob-
tained a tax deed for the property, and it also appeared
the lots were delinquent for the taxes due for the year

1878; that a tax judgment was entered against them in August, 1879, and the lots sold thereunder and a tax deed obtained for both lots by D. J. Hubbard. After the bar of the statute had so become complete and absolute title in the appellee thereby (as the chancellor found) established, said John McCaffery, on the 22d day of June, 1889, executed a deed purporting to convey the lots to one John J. Mitchell, and said Mitchell and wife, some eight years later, executed a deed purporting to convey the lots to the appellant Simons, and said D. J. Hubbard, on the 7th day of March, 1890, executed a deed purporting to convey the lots, or an interest therein, to John C. Black, trustee, and said Black, as trustee, on the 16th of April, 1892, executed a deed purporting to convey a like interest in the lots to the appellant Cromwell. All these deeds were caused to be recorded in the record books of deeds in the recorder's office in said county. The chancellor held appellee had acquired title to the lots under the operation of the said section 6 of the Statute of Limitations, and that the deeds subsequently executed and recorded were clouds upon that title.

We have repeatedly held that whenever the bar of this section of the Statute of Limitations has become complete the right and interest of the holder of the color of title is precisely the same as that of any other absolute owner of land. (*McDuffee* v. *Sinnott,* 119 Ill. 449.) But it is urged appellee did not take the deed for the lots as color of title, and did not perform the acts necessary to constitute compliance with the provision of the statute with intent to complete a good title under the statute, but that she accepted the deed as being absolute title within itself, and paid taxes and held possession as the absolute owner. It is most probable she supposed the deed invested her with full title, but it was color of title, and if the evidence disclosed she had complied, in all respects, with the requirements of the Statute of Limitations she is entitled to the full benefit of the statute,

though she may not have fulfilled any requirement with the intent or purpose of securing such benefit.

Nor is there any force in the insistence appellee did not take such title as the deed conveyed, in good faith. Indeed, this insistence is not compatible with the former contention just considered. Good faith is presumed in the absence of evidence of bad faith. When appellee received the deed she had constructive, and perhaps actual, knowledge that the tax judgment entered in 1876 had been rendered against the lots for delinquent taxes, and that an adverse claim or title was or might be predicated on the sale made under such judgment. But notice of adverse claim does not establish there was a lack of good faith on the part of the holder of color of title. (*Chickering* v. *Failes*, 26 Ill. 507; *Dickenson* v. *Breeden*, 30 id. 279; *Cook* v. *Norton*, 43 id. 391.) We find nothing in the record impeaching the good faith of the appellee.

We think the court correctly ruled the appellee had complied with the requirements of section 6 of the Limitation act, and had thereby acquired full title to the lots, so far as appellants were concerned.

Appellants insist it was error to grant the decree canceling the deeds in question without requiring the appellee to pay the taxes for which judgments were rendered against the lots in question and upon which the deeds so ordered to be canceled are based. The appellee received a deed for the lots on the 14th day of September, 1877. On the 17th day of July, 1876, the lots were returned by the proper officer as delinquent for special assessments, and on the 15th day of August, 1876, a judgment and order of sale were entered against them for the said delinquent special assessments. A sale followed, and said McCaffery received a tax deed for the premises on the 24th day of October, 1879. The appellee was not the owner of the premises when the special assessments became delinquent, and it was not her duty to pay the same. After McCaffery obtained his deed, she, by com-

pliance with the laws of the State, acquired title to the property superior and paramount to that vested in him by his tax deed. It was entirely competent for each of the parties to endeavor to acquire the title to the property. They stood at arm's length, and were free to proceed, each in his or her own way, to gain a legal right to the lots. She succeeded, and while she was so invested with such title the deed from McCaffery to Mitchell and that from Mitchell to the appellant Simons were executed and spread upon the public records. These deeds were clouds upon appellee's title and were properly canceled by the decree. And we think the court properly also ruled appellee was entitled to have such deeds canceled without being required to pay the special assessments which were discharged by McCaffery by the purchase of the lots at the tax sale. The tax deed to McCaffery was rendered nugatory by the operation of the Statute of Limitations upon the title to the lots. Appellee was not the owner of the lots when the special assessments were levied or became due, and no rule of law or morals or duty of citizenship demanded she should have paid such assessments, hence payment should not have been exacted as a pre-requisite to a decree removing the deeds in which the appellant Simons is interested.

But the situation is not the same as to the other deeds ordered to be canceled by the decree. Appellee, as before said, received her deed to the lots in September, 1877, and then entered into possession of the premises claiming to be the owner thereof. There was a dwelling house in which she lived, on the lots, and she enjoyed the full occupancy, use and benefit of the premises. She remained in possession during the year 1878, and during that year also lived in said dwelling house and enjoyed the use and benefit of said premises. Her relations to the property were such it became her duty to pay the taxes for the year 1878. (25 Am. & Eng. Ency. of Law, 706, 707.) This principle is also recognized in *Choteau* v. *Jones*, 11

Ill. 300, *Voris* v. *Thomas,* 12 id. 442, and *Glancy* v. *Elliott,* 14 id. 456. If she was the owner of the lots, as she claimed to be, the duty or obligation to so pay such taxes might, under the provisions of section 230 of the Revenue law then in force, (Rev. Stat. 1874, p. 896,) have been legally enforced against her by action in debt if the lots had not been sold at the tax sale. The purchase of the lots by D. J. Hubbard at the tax sale operated to pay and discharge taxes which, as we have seen, it was the duty of the appellee to pay, and which duty would have imposed a legal obligation upon her if the lots had not been sold. If the appellee had invoked the aid of a court of equity to remove the tax deed which Hubbard secured by his purchase of the lots at the tax sale, it is well settled she would have been required to pay to the holder of the tax deed the amount of the taxes paid by the purchaser, together with legal interest thereon, as an equitable condition to the granting of the relief. The grantee in the tax deed, by the conveyance of such title as he received under the tax sale to Black, as trustee, invested his grantee with all rights and interests which he had acquired by his tax deed. Black conveyed the like right and interest to the appellant Cromwell. Therefore a decree canceling the deed to Cromwell virtually cancels the tax deed to Hubbard. The appellee ought not to be granted a decree having this effect without being required to answer to her obligation to pay the taxes assessed and levied for the year 1878, together with interest thereon at the rate of six per cent per annum from the date of said payment to the date of the rendition of the decree. The real justice of the case demands that the appellee should have the relief prayed only on condition she re-pay such taxes and the interest thereon.

The decree canceling the deeds to appellant Simons, and the other deeds in that chain of alleged title, is affirmed. The decree as to the appellant Cromwell is reversed and the cause as to him remanded, with directions

to the chancellor to ascertain the amount which, in conformity with this opinion, ought to be paid by the appellee before the relief prayed as against the appellant Cromwell is granted, and to enter a decree against appellant Cromwell as prayed, on condition the appellee shall pay such amount. The costs in this court will be ordered to be paid by appellant Simons and appellee in equal parts.            *Reversed in part and remanded.*

CARTWRIGHT and CRAIG, JJ.: We dissent from so much of the foregoing opinion as holds that appellee was entitled to have the deeds canceled without being required to pay the assessments which were discharged by McCaffery by the purchase of the lots at the tax sale.