### JACOB GLOS

#### *v.*

### WILHELMINE MICKOW.

*Opinion filed June 23, 1904—Rehearing denied October 13, 1904.*

1. EVIDENCE—*what sufficient proof of payment of taxes.*  In a proceeding to register title, proof of the payment of all State, county, city, town, school, road, park, drainage and corporation taxes assessed against the property raises a presumption, in the absence of evidence to the contrary, that all taxes assessed against the property during the period covered by the proof were paid.

2. REGISTRATION OF TITLES—*what sufficient proof of title to authorize registration.*  Proof of possession of land under claim and color of title made in good faith, coupled with payment of taxes upon the property for a period of seven successive years, is sufficient, in the absence of any other evidence, to authorize registration of the title.

3. SAME—*when failure to prove tax deed invalid is not fatal.*  Failure to prove the invalidity of a tax deed in a proceeding for initial registration of title is not fatal to a decree ordering the same set aside upon re-payment of the holder's expenditures, where the proof shows that the latter's rights under the tax deed are barred.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

This was an application in the circuit court of Cook county by Wilhelmine Mickow to register title in fee simple to certain lots in the city of Chicago, pursuant to an act concerning land titles, in force May 1, 1897, commonly known as the Land Registration act.  The application was filed on June 3, 1901, and states, among other things, that Jacob Glos claims an interest in said lots by virtue of an alleged tax deed.  Glos appeared and filed

an answer denying the applicant's title, setting up a tax deed issued to him by the county clerk of Cook county on April 19, 1903, conveying said lots to him, a conveyance by himself to Emma J. Glos of an undivided half interest in the lots, and claiming to be the owner of the remaining half by virtue of said tax deed. Emma J. Glos was then, by amendment, made a party defendant and later was defaulted. The cause was referred to Theodore Sheldon, examiner of titles, to take the testimony and report his findings to the court.

From the testimony taken before the examiner of titles it appears that on March 8, 1888, Henry Mickow, the husband of the applicant, received a warranty deed to said lots; that on December 1, 1890, he and his wife conveyed the same to Emil J. Gnoedinger, and that on December 8, 1890, Gnoedinger, by quit-claim deed, conveyed the lots to Wilhelmine Mickow; that prior to 1891 the premises were vacant, but that during that year applicant, or her husband for her, moved a frame building on to one of the lots and erected a brick building upon the other; that applicant and her husband have lived in the frame house ever since, and have rented the brick house, which is on the adjoining lot, to tenants and collected the rents therefrom since the same was built. Tax receipts for taxes of the years 1888 to 1900, inclusive, were admitted in evidence by the examiner of titles on behalf of the applicant, each of which, subsequent to that for the year 1890, contained a recital that the amount acknowledged by the receipt was in full for "State, county, city, town, school, road, park, drainage and corporation taxes," and acknowledged payment by Henry Mickow. Five receipts for special assessments paid by Henry Mickow were also admitted in evidence. Henry Mickow testified that he paid the taxes covered by the receipts for and on behalf of his wife, Wilhelmine Mickow. The evidence showed no other taxes assessed against the property since 1891. The only evidence introduced

by Glos was the tax deed of April 19, 1893, and his own testimony as to the sums of money expended by him in obtaining such deed.

The examiner of titles found, and so reported to the court, that Wilhelmine Mickow is the owner of the premises and that the tax deed to Glos is void and of no effect as to these lots, but that Jacob Glos and Emma J. Glos are entitled to receive $94.30, with interest from the date of the examiner's findings at five per cent per annum, on account of money expended for such tax deed and interest thereon, and that upon the payment of said sum applicant is entitled to registration of her title, as prayed for by her. The circuit court adopted the findings of the examiner, and rendered a decree that upon the payment of $94.30, with interest, etc., to Jacob Glos and Emma J. Glos, as their respective interests may appear, or to the clerk of the court for their use, the tax deed should be held null and void as to the lots in question, and that the title should be registered in Wilhelmine Mickow, provided such payment be made within thirty days from date of the decree, and that if not so made the application and decree to stand vacated and dismissed.

Abstracts of title showing the title to the lots from the government down to the applicant were admitted in evidence, over the objection of plaintiff in error, without any preliminary proof for their admission, and defendant in error here concedes that those abstracts were not competent evidence for the consideration of the examiner or the circuit court, and makes no claim of title upon the evidence shown by those abstracts, but relies solely on the deeds introduced in evidence by the applicant, the tax receipts and the evidence of Henry Mickow for proof of title in the applicant.

Jacob Glos has sued out this writ of error, and here contends (1) that the evidence does not show such a title in the applicant as entitles her to initial registration

of the same in fee; and (2) that the burden of proof was upon the applicant to show the invalidity of his tax deed, and the proof failing to show such deed to be invalid, the court erred in decreeing it to be void and of no effect as to the lots in question.

JACOB GLOS, *pro se*, (JOHN R. O'CONNOR, of counsel.)

ARMAND F. TEEFY, and SHELLEY B. NELTNOR, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Defendant in error proved, producing the tax receipts, that she had paid all the State, county, city, town, school, road, park, drainage and corporation taxes against the property involved, for the year 1891, and for each and every year thereafter down to and including such taxes for the year 1900, the first of which tax payments was made on May 19, 1892, and the last on May 31, 1901. It is urged that this is not proof that she paid all the taxes legally levied and assessed against the premises for any consecutive period of seven years, for the reason that there may have been taxes other than those specified in the receipts, or special assessments, levied against the property which she did not pay. In *City of Chicago* v. *Middlebrooke,* 143 Ill. 265, we said (p. 268): "When the complainant proved that he had paid all State, county, city, town, school, road, park and corporation taxes, it will be presumed, in the absence of any evidence to the contrary, that no other tax or assessment was imposed upon the property, and hence that he had paid all taxes assessed on the property. When the complainant proved the payment of all general taxes for nine years, it devolved on the defendant to show, if such was the case, that the property had been specially assessed for some one of the years, and then complainant would have been compelled to prove the payment of such special assessment, or he would have been defeated." The evidence

therefore warrants a finding that defendant in error paid all the taxes levied and assessed against the premises for the years above enumerated.

The proof also showed that the defendant in error went into the actual possession of the premises, under claim and color of title made in good faith, in the year 1891, and so continued in possession down to the time of the filing of her application herein, on June 3, 1901. This, together with the proof of the tax payments to which we have above referred, in the absence of any other evidence, was proof of a title good as against all the world, and authorized registration. *Glos* v. *Kingman & Co.* 207 Ill. 26.

Plaintiff in error offered in evidence a tax deed for these premises to himself, dated April 19, 1893. The decree orders the payment of a certain sum by Wilhelmine Mickow on account of expenditures made by Glos in securing said tax deed, and decrees that upon the payment of such sum such tax deed shall be null and void, in so far as it affects the title to the property in question. It is said that this is erroneous in the absence of any proof showing the invalidity of the tax deed. The right of Jacob Glos under the tax deed was barred by the proof made, and the error, if any, was therefore harmless.

It is then urged that Emma J. Glos, one of the defendants below, is the wife of Jacob Glos, and that she had an inchoate right of dower by virtue of the tax deed to Jacob Glos, and that as this right could not be asserted by her during her husband's lifetime, the seven years Statute of Limitations has not run against her, consequently registration should not have been awarded. It does not appear from the abstract that Emma J. Glos is the wife of Jacob Glos. It is therefore unnecessary to dispose of this question.

The decree of the circuit court will be affirmed.

*Decree affirmed.*