. FREDERICK GOETZ, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed December 16, 1914.*

REGISTRATION OF TITLE—*title by twenty years' open and actual possession is absolute and may be registered.* One who has been in the open, adverse and exclusive possession of improved premises for more than twenty years, in full compliance with section 1 of the Statute of Limitations, has the same rights as any other absolute owner of land, and is entitled to have his title registered regardless of whether the deed under which he claims constitutes color of title.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

ALBERT GOETZ, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The appellee, Frederick Goetz, filed his application on July 30, 1913, in the circuit court of Cook county, to register in himself title to lot 57 in sub-lot 2 of Lill & Diversy's subdivision of the south half of lot 15 in the Canal Trustees' subdivision of the east half of section 29, township 40, north, range 14, east of the third principal meridian, in Cook county. The appellants, Jacob Glos and

August A. Timke, were made defendants under the allegation that they claimed some interest in the real estate. The application was referred to one of the examiners of titles, who reported finding that appellee was the owner of the property described and finding that the tax deed to Jacob Glos and the trust deed to August A. Timke were clouds upon the title and should be set aside upon reimbursing Glos and paying Timke his costs. The court overruled exceptions to the examiner's report and entered a decree confirming the same and ordering registration of the title.

In attempting to show a connected chain of title from the government to himself appellee offered in evidence certain abstracts of title. Appellants contend that the necessary preliminary proof to render these abstracts competent was not made. The examiner found that the appellee had established title by showing compliance with section 6 of the Limitation act by paying all taxes legally assessed for seven successive years while in possession under color of title. Appellants, however, contend that the deed to appellee does not describe the premises claimed and therefore does not constitute color of title, and is also, for the same reason, not good as a link in the alleged chain of title from the government. It will not be necessary to consider either of these contentions, as the examiner further found that appellee derived his title by a certain deed from Barbara Goetz and her husband to appellee, dated April 17, 1889, and that since the execution of that deed and its delivery on the following day to appellee, and up to the time of the filing of his application herein, he has been "in the actual, open, notorious, exclusive, continuous, undisputed and uninterrupted possession of the premises described in the application." This finding is fully supported by the evidence, which shows that during all this time the lot in question has been improved by a two-flat frame building and has been occupied continuously by tenants of appellee. This possession for more than twenty years vested in ap-

pellee the absolute title to the property in question under the twenty years Limitation act. · In this State, whenever the bar of the twenty years limitation under section 1 of the Limitation act has become absolute, the rights of the party claiming under this statute are precisely the same as those of any other absolute owner of land, and he thereby acquires such a title as he may successfully assert against all the world, including the paramount owner himself, except such as are laboring under disabilities. (*McDuffee* v. *Sinnott*, 119 Ill. 449.) By making this proof the applicant established in himself a title good as against all the world, and the decree ordering registration of his title was proper and is affirmed.

*Decree affirmed.*