JEFFERSON D. CHALFANT,
Defendant below, Appellant,

*vs..*

DAVID J. REINHARDT, Attorney General of the State
of Delaware, on the relation of PRISCILLA EVES,.
Complainant below, Appellee. ·

*Supreme Court, on appeal, April* 19, 1921.

The Supreme Court ordinarily will not disturb a finding on the facts by the Chancellor, if it appears from the record that there was evidence to support the finding

Refusal to reopen case and permit the introduction of after-discovered evidence *held* not error, where much of the new evidence sought to be introduced was of a cumulative character.

APPEAL FROM COURT OF CHANCERY.   The facts appear in the report of the case in the Court of Chancery, *ante p.* 214, 110 *Atl.* 653.

Argued before PENNEWILL, C. J., and BOYCE, CONRAD, and RICE, J. J.

*Robert G. Harman,* for the appellant.

*Charles B. Evans* and *David J. Reinhardt,* for the appellee.

RICE, J. (delivering the opinion of the Court).

The assignments of error filed in this case are numerous. The gist of many of the assignments is that the evidence does not support the finding of the Chancellor that there was a dedication of Ashley Place by the Ashley Syndicate, and also that if there was an intention on the part of the "Syndicate" to dedicate Ashley Place, it was not completed by user on the part of the public.

It is not necessary for this Court to make a statement of the facts, as a full statement appears in the opinion filed by the Chancellor.

This Court ordinarily will not disturb a finding on the facts in a hearing before the Chancellor if it appears from the record that there was evidence to support his finding.   In the present case we think the evidence of user on the part of the public of

the strip of land in question is slight, yet we believe there is sufficient evidence to support the finding of the Chancellor.

It clearly appears from the record that there was an intention on the part of the "Syndicate" to dedicate Ashley Place to the public at the time certain lots were sold by it. In view of the evidence, we place very little significance on the fact that the plots recorded showed a continuous line across the places where Ashley Place opened into Maryland avenue.

Another point urged by counsel for the appellant at the argument was the refusal of the Court below to reopen the case and permit the introduction of after discovered evidence. The reopening of a case, at the stage in which it was sought in this case, is within the reasonable discretion of the trial court, and it is our opinion that the Chancellor was well within his discretionary powers in refusing to reopen the case, and moreover, much of the new evidence sought to be introduced was of a cumulative character.

For the reasons stated the decision of the Chancellor is in all things affirmed.