JOHN H. REESE and ELEANOR M. REESE, Plaintiffs, v. ELLWOOD S. LEACH, S. GILBERT PIERCE and GEORGE R. CLARK, members of and constituting the Levy Court of New Castle County, J. GORDON SMITH, J. H. TYLER McCONNELL, CHARLES R. STAIB, JR., CANBY C. MAMMELE, WILLIAM P. RICHARDSON, SAMUEL N. CULVER and CLAYTON A. BUNTING, members of and comprising the State Highway Department of the State of Delaware, STOCKDALE CORPORATION, a Delaware corporation, and AVENUE COMPANY, a Delaware corporation, Defendants.

(*January* 15, 1952.)

HERRMANN, J., sitting.

*John S. Walker* for Plaintiffs.

*William S. Satterthwaite* for Levy Court of New Castle County.

*Howard E. Lynch, Jr.,* for State Highway Department.

*Leighton S. Dorsey* for Stockdale Corporation and Avenue Company.

Superior Court for New Castle County, No. 187, Civil Action, 1951.

HERRMANN, J.:

This case involves the status of certain streets in the suburban community known as Stockdale, located near Claymont, Delaware. The Levy Court of New Castle County and the State Highway Department, named defendants herein, have appeared and filed answers to the plaintiff's petition, but they have not taken an active part in the proceedings. It has been indicated that it would be to the advantage of these public authorities if the rights, liabilities and duties of all parties involved be determined. The controversy reflected in this proceeding is actually between the plaintiffs, home owners in Stockdale acting for themselves and others similarly situated, and Stockdale Corporation, the company which developed the community. I find this to be a case involving an "actual controversy" within the purport of the *Declaratory Judgment Act. 46 Delaware Laws, Chapter 269.*

Stockdale is a large development of fine residential property which was commenced about thirty years ago. The defendant Stockdale Corporation (hereinafter called the "Corporation") owned the original tract of land. The Corporation subdivided the land into building lots, laid out streets, and recorded the first plot of the development in 1922. In the promotion of the development, the Corporation recorded a revised plot in 1927, another in 1937, and the last in 1941. The Corporation has sold scores of building lots in accordance with the recorded plot plans, but it still owns various lots in the development.

There are numerous streets in Stockdale, as is shown by the several plot plans. Among them are the following: Stockdale Avenue, Cathedral Street, Forest Avenue (from Cathedral Street to Governor Printz Boulevard), Temple Street, Wistar Avenue, Palace Street, Brookview Avenue, Castle Avenue, Pyramid Avenue and Chapel Avenue.[1] The status of these streets, and none other, is before the court for determination in this proceeding.

All of the streets involved, except Chapel Avenue and Pyramid Avenue, were constructed by the Corporation prior to 1926 and they have been open to public use since that time. During the period 1926 to 1935, the Levy Court of New Castle County maintained them and exercised control over them. Effective July 1, 1935, all roads which had theretofore been under the care and control of the Levy Court of New Castle County were transferred to the care, management and control of the State Highway Department.[2] That Department refused to accept responsibility for these streets, however, on the grounds that (1)

---

[1]Chapel Avenue and Pyramid Avenue are now opened and paved to a point approximately 250 feet south of Palace Street. The determinations here are limited to those portions of Chapel Avenue and Pyramid Avenue which are now opened and paved.

[2]40 *Delaware Laws, Chapter* 107 provides: "That on and after the first day of July, 1935, all the public roads and highways and bridges in the State of Delaware now under the care and management and control of the Levy Courts of the respective Counties in this State, shall be under the absolute care and management and control of the State Highway Department, and the said Levy Courts shall be relieved of any further responsibility therefor * * *."

the streets were not part of the highway system, (2) the streets had not been dedicated to the public use, and (3) the Levy Court had failed to certify to the State Highway Department that the streets had been cared for by the Levy Court prior to July 1, 1935. Since 1935, therefore, neither the Levy Court nor the State Highway Department has maintained these streets. The Corporation has refused to maintain them, asserting that they are the responsibility of the State Highway Department. The streets are in a serious state of disrepair, the home owners having been the unhappy victims of the conflict these many years.

The situation is different with respect to Chapel Avenue and Pyramid Avenue. Those streets were not constructed and opened by the Corporation until about 1940, and they have never been maintained by any public authority. Those streets were not shown on the plot plans recorded in 1922 and in 1927. They were shown, however, together with all of the other streets here involved, on the plot plans recorded in 1937 and in 1941.

In 1945, the defendant Avenue Company was created by the stockholders of the Corporation for the purpose of taking title to all streets in Stockdale and in other developments being promoted by the Corporation. The Corporation made a purported conveyance to Avenue Company of the land constituting the street beds in Stockdale. The purpose of it all was to insulate the Corporation from any liability which might arise from ownership of the street beds. Avenue Company has never had any assets with which it might finance repairs of the streets which it is supposed to own, or from which it might respond in damages in the event of the liability which the Corporation thus sought to evade.

In 1949, in desperation and frustration, the owners of properties abutting on the streets in question sought to invoke the benefits of the Suburban Communities Code.[3] That Statute pro-

---

[3] 45 *Delaware Laws, Chapter* 123, *as amended by* 46 *Delaware Laws, Chapter* 292 *and* 47 *Delaware Laws, Chapter* 331.

vides for a bond issue by the Levy Court and assessment of abutting properties for improvements of streets and installation of sidewalks and sewers in suburban communities. The various initial steps prescribed by the Code were taken and the required election was held on June 30, 1950, resulting in a vote favorable to the bond issue. At this point, however, the Corporation, as a dissenting owner of abutting property, and Avenue Company, as reputed holder of title of the street beds, threatened legal action against the Levy Court if it proceeded with the bond issue and assessment. The challenge was based upon the same contentions which those defendants now urge here. The Levy Court thereupon terminated all proceedings in connection with the bond issue, pending determination of the rights of the parties and the duties of the public authorities involved.

The contentions of the Corporation and of Avenue Company are these:

1. All of the streets involved, except Chapel Avenue and Pyramid Avenue, are under the absolute care, management and control of the State Highway Department.

2. Chapel Avenue and Pyramid Avenue are private ways and not public streets.

3. The Suburban Communities Code may not be invoked for the improvement of (a) streets under the care, management and control of the State Highway Department, or (b) private ways.

These contentions frame the questions for decision.

■ I find as a fact that all of the streets here involved, except Chapel Avenue and Pyramid Avenue, were under the care, management and control of the Levy Court of New Castle County prior to July 1, 1935. I conclude, also, that in 1926 there was an implied dedication to the public use of all streets except Chapel Avenue and Pyramid Avenue, and that such dedication has been perfected by acceptance by the Levy Court and by user by the general public. See *Reinhardt v. Chalfant*, 12 *Del. Ch.*

214, 110 *A.* 663, affirmed 12 *Del. Ch.* 389, 113 *A.* 674. By virtue of 40 *Delaware Laws, Chapter* 107, it is held that those streets are now, and since 1935 have been, in the care, management and control of the State Highway Department.

In support of the contention that Chapel Avenue and Pyramid Avenue are not public streets, the Corporation has shown but one noteworthy distinction between those streets and the other streets of Stockdale which, since 1926, have been acknowledged by the Corporation to be public thoroughfares. That distinction is that Chapel Avenue and Pyramid Avenue have been repaired by the Corporation and have never been maintained by a public authority. There is no other material difference between the history of Chapel Avenue and Pyramid Avenue and the history of other streets which are admittedly public.

On the plot plans recorded in 1937 and 1941, Chapel Avenue and Pyramid Avenue were shown in the very same manner as all other streets were shown. The lots abutting on the two sides of Pyramid Avenue, as now opened and paved, have a frontage of 500 feet. In accordance with and by reference to the recorded plot plans, the Corporation has conveyed five building lots having a total frontage of 425 feet abutting on Pyramid Avenue, and it retains land abutting thereon having a frontage of 75 feet. Similarly, the lots abutting on both sides of Chapel Avenue, as now opened and paved, have a frontage of 500 feet. In accordance with recorded plot plans, the Corporation has conveyed five lots abutting thereon having a total of 320 front feet, and it retains abutting land having a frontage of 180 feet. The deeds of conveyance of the ten lots abutting on these two Avenues contain no reservations or restrictions which would attribute to those two streets any status or character different from that of all other streets in the development conceded to be public. Indeed, the same form of deed restrictions and reservations was used for the conveyance of land abutting on Chapel Avenue and Pyramid Avenue as was used for the conveyance of land on other streets in the development.

■ I am of the opinion that there has been an implied dedication of Chapel Avenue and Pyramid Avenue to the public use as the result of the conveyances of land abutting thereon, without reservation or restriction, in accordance with recorded plot plans which showed no distinction between those streets and others which, for many years, had been proclaimed by the Corporation to be public. Chapel Avenue and Pyramid Avenue, as now paved, have been open to public use for approximately ten years. They have been used freely by the abutting property owners and by the general public without regulation of any kind. I find that, in view of the nature of the neighborhood, there is sufficient evidence of public user to justify the conclusion that the implied dedication has been perfected. *Reinhardt v. Chalfant, supra.*

The fact that these streets have never been maintained by a public authority is immaterial to the question of whether they are public thoroughfares or private ways. There is no persuasive evidence that the Corporation intended these two streets to have a character different from all of the other streets in Stockdale. The repair work performed by the Corporation loses all significance in view of the fact that such work was commenced after proceedings to invoke the Suburban Communities Code had been initiated. I conclude, therefore, that Chapel Avenue and Pyramid Avenue, as presently opened and paved, are public streets to which the Suburban Communities Code may be applicable.

Finally, there is the question of whether the Suburban Communities Code may be invoked for the improvement of streets which are under the "absolute care and management and control" of the State Highway Department. The Code provides that its provisions may be invoked by the petition of freeholders owning 50% or more of the front footage of property abutting upon the desired improvement. The improvements which may be accomplished under the Code consists of the "laying, repairing or completion of sidewalks or streets, installation of surface

drainage and installation of storm sewers" in suburban communities. A suburban community is defined as "any unincorporated community within the State of Delaware (a) containing at least ten dwelling houses, (b) whose streets aggregate a minimum of five hundred linear feet of road surfacing, (c) which is located on a highway which is part of the State Highway system or will be connected to said State Highway when the projects herein provided for are complete, and (d) which, in the opinion of the Levy Court is so situated as to form a unit which is reasonably and economically capable of being improved * * *." The Code requires action by the Chief Engineer of the State Highway Department in all phases of the construction of the improvement, including the preparation of initial surveys, plans, specifications and cost estimates, the award of contracts, the supervision and direction of the work, and the approval of payment to contractors. The Code provides that, upon satisfactory completion, the improvement shall be incorporated into the State Highway system and the State Highway Department is responsible for its maintenance.

The legislative expression of the scope and purpose of the Suburban Communities Code is plain and unambiguous. I find nothing in the Statute, expressed or implied, to prohibit its application to State controlled streets in suburban communities; and such prohibition may not be written into the Statute by judicial interpretation or construction. The plain and obvious meaning of the statutory language does not permit the conclusion that the Legislature intended to bar home owners in a suburban community from having sidewalks, sewers or a new street surface, at their own expense, if the streets were under the care of the State Highway Department. The "absolute" care, management and control which is vested in the Highway Department, by virtue of 40 *Delaware Laws, Chapter* 107, is not violated by the construction of improvements under the Code. The close supervision and active participation, required of the Highway Department by the provisions of the Code, are in accord with the other statutory responsibilities of the Department.

The plaintiffs' request for the issuance of a writ of *mandamus,* to compel the Levy Court to proceed with the bond issue which was approved at the election on June 30, 1950, will be denied. Assuming, without deciding, the propriety of *mandamus* for such purpose, it appears to me that the property owners of Stockdale should have the opportunity to start anew if they now wish to invoke the Suburban Communities Code. My reasons are twofold. First, the responsibility of the State Highway Department, for the care, management and control of Stockdale streets, has now been determined. Secondly, construction costs have increased substantially since June 30, 1950. I am of the opinion that the property owners of Stockdale should have another opportunity to express their wishes in the light of these circumstances.

An order consistent with this opinion may be submitted on notice.