115 A.2d 475 (1955)
John F. BETLEY and Alice M. Betley, his wife, Plaintiffs,
v.
GORDY CONSTRUCTION COMPANY, a corporation of the State of Delaware, and Llangollen Club, Inc., a corporation of the State of Delaware, Defendants.
Court of Chancery of Delaware, New Castle County.
July 14, 1955.
Charles L. Paruszewski, Wilmington, for plaintiffs.
Albert W. James, of Morris, James, Hitchens & Williams, Wilmington, for defendant, Gordy Construction Co.
Rodney M. Layton of Richards, Layton & Finger, Wilmington, for defendant, Llangollen Club, Inc.
SEITZ, Chancellor.
Plaintiffs seek a mandatory injunction directing the removal of certain trees, shrubs and walls interfering with an alleged easement from their property to the street.
Plaintiffs own two parcels of land on the easterly side of Dupont Boulevard. These *476 parcels are divided by a street now known as Llangollen Boulevard. This Boulevard extends easterly from the Dupont Boulevard for a distance of about 560 feet before entering Llangollen Estates  a suburban development "back" of plaintiffs' properties. The Boulevard is 70 feet wide for the distance which it abuts plaintiffs' land.
Defendant Gordy Construction Company ("Gordy") is admittedly the owner of the fee of the bed of Llangollen Boulevard and is the developer of Llangollen Estates. The 30 feet center of the Boulevard is paved and guttered and has been accepted for maintenance by the State Highway Department. In the spring of 1949, Gordy as part of its process of developing Llangollen Estates planted about $7,000 worth of evergreens and shrubbery on both outer 20 feet strips of the Boulevard but within the bed of the 70 feet wide "street". The evergreens were planted at close intervals and staggered. Since their planting the evergreens have grown to as much as 12 feet. The balance of the non-paved plot is planted in grass. Having viewed the property in question I can state that as matters now stand it is not possible to gain access to plaintiffs' land from the Boulevard by vehicle.
Gordy also erected at the Dupont Boulevard entrance to Llangollen Boulevard two rounded stone walls on the 20 feet strips on either side at a cost of $3500. Each of the stone walls is about 15 feet long, 24 inches wide and 8 feet high but tapering downward.
Defendant Llangollen Club, Inc. ("Club") is a civic organization which is presently maintaining the evergreens and the walls.
Plaintiffs seek to enjoin any interference with their alleged easement over the Boulevard for the purpose of entering and leaving their abutting properties. In aid of this objective they also seek a mandatory injunction directing the removal of the evergreen trees and/or shrubbery and the two stone walls erected at the entrance to the Boulevard.
Originally, all the land owned by plaintiffs as well as the bed of Llangollen Boulevard and Llangollen Estates was owned by Henry S. McComb. His heirs, devisees and legal representatives continued to own the land until 1925 when they conveyed the portion now owned by plaintiffs to John Baxter and wife. In describing parcel No. 1 the deed used as a reference "the southwesterly side of a 70 feet wide street newly established". The deed to the second parcel used as a reference "the said northeasterly side of the first mentioned newly established 70 feet wide street". It is conceded that the fee to these 70 feet at the time of the conveyance to the Baxters was vested in their grantors.
In 1929, the Baxters deeded the two parcels to The Black Cat Tea Room, Inc. ("Black Cat"). By deed dated June 20, 1946, the Black Cat conveyed the lands to plaintiffs. Both of these deeds used the exact description contained in the original deed to the Baxters.
By a deed executed in 1945, Joshua Danforth Bush, Jr., (one of the grantors in the deed to the Baxters and grantee of the other grantors of the said Baxters) and his wife conveyed to Gordy the bed of the "newly established 70 feet wide street". This is now admittedly the Llangollen Boulevard.
On December 24, 1945, Gordy recorded a plat of Llangollen entitled, "Final Street and Road Plan of Llangollen Estates". This plan was approved by the New Castle County Regional Planning Commission and the New Castle County Levy Court. It has plotted thereon lots, a park area and trees. The park area and all the streets shown thereon have, within the lines thereof, this notation, "Dedicated by this Plat". Llangollen Boulevard appears as so dedicated. The plat also contains a provision signed by Gordy providing, inter alia, that it is certified, that the streets, etc., shown in Sec. A, including Llangollen Boulevard, are dedicated for the general use of the traveling public and for the use of the abutting property owners.
Earlier, an action to vacate the two outer strips of the bed of the Boulevard had been instituted. But I give it no particular weight *477 because of a doubt as to whether Gordy was actually involved and because the matter never came to a decision. However, it does show that plaintiffs then contended that they had an easement in the 70 feet wide street.
Under the 1954 zoning law the plaintiffs' property, abutting Llangollen Boulevard, is zoned residential except for that portion within 150 feet of Dupont Boulevard. It thus appears that with the exception noted, plaintiffs' land along Llangollen Boulevard can only be used for residential purposes. Properly handled, it appears to be well suited for that purpose. Plaintiffs were unable to complete a sale of their land along Llangollen Boulevard because of the obstruction created by the shrubbery.
When Llangollen Boulevard was paved, plaintiffs used it to drive to their lands. After the evergreens were planted, plaintiffs drove up the street and walked across the planted portions.
Defendants introduced into evidence a lease dated 1931 whereby plaintiffs' predecessors leased the bed of what is now the Boulevard from the person who later sold it to Gordy. Defendants say it shows that plaintiffs' predecessors recognized they had no easement in the street. I disagree. This lease has no significance because it in no wise purports to deal with easements in the street. It concerns itself solely with the rental of the bed of the street. Apparently it was executed to prevent any question of adverse possession arising in favor of plaintiffs' predecessors in title.
Plaintiffs claim an easement over the Boulevard by deed and by dedication. Defendants deny that plaintiffs ever obtained an easement or that the dedication was for their benefit. Defendant Llangollen Club also argues that the dedication was never legally completed. Both defendants claim that plaintiffs should be denied relief because of laches, abandonment and adverse possession.
I first consider whether plaintiffs have an implied easement in Llangollen Boulevard. Their claim is based on the deeds from the grantors to the Baxters (plaintiffs are successors in interest) which use as a boundary description the newly established 70 feet wide street. This conveyance was made at a time when the grantors also owned the fee in the street as well as a great deal of other land to the rear of the property conveyed to the Baxters.
Plaintiffs' claim to an easement by implication is based on the language in the deed and the surrounding circumstances. 2 Thompson Real Prop. (perm. ed) § 471. The determination of the issue as to the existence of an easement by implication in a private road calls for the ascertainment of intent.
Defendants insist that the better reasoned cases would require plaintiff to sustain the burden of showing that it was the fair intent of the parties, i. e., the grantors and the Baxters, that the Baxters should have an easement over the property, citing In re Northern Blvd., City of New York, 258 N.Y. 136, 179 N.E. 321. I do not stop to analyze the extent to which the Courts rely on the language of the deed and the surrounding circumstances because I conclude that the language of the deed and the then existing circumstances show an intention to grant the Baxters such an easement even under defendants' view of the "correct" law. Not only did the Baxters purchase two pieces of property separated by this "new" street but the land purchased was of substantial depth from the highway. Without the easement there would be no other way to cross from one piece to the other without recourse to the Dupont Boulevard. In view of the condition of the land at the time, it would be unfair to impose too rigid a test.
It also appears that the deed to the Baxters referred to a recorded plot which included the street in question. Under these facts plaintiffs would seem to have a right of way based on the Superior *478 Court case of Poole v. Greer, 6 Pennewill 220, 65 A. 767.[1]
In the light of the language of the deed and the then surrounding circumstances, I conclude that the grantors intended that the Baxters and plaintiffs as their successors should have the right to use the new 70 feet wide street.
I find no merit to defendants' defenses of abandonment and adverse possession. After all, at least some of the grantors to plaintiffs' predecessor in title owned the bed of the "street" until 1945. Since they granted the easement it would hardly seem reasonable to count the period of time when they retained the title to the bed of the road in passing upon these defenses. In any event, the nature and use of the land was such that it would be most unreasonable to invoke either such defense.
Plaintiffs make the alternative argument that this 70 feet wide street was dedicated by Gordy in 1945 when the Company recorded the plat heretofore mentioned. Although I have already held that plaintiffs have an easement by deed I feel that I must determine whether plaintiffs also have an easement by dedication. I say this particularly because of the limited relief granted plaintiffs herein.
Defendants argue that the statutory requirements with regard to the filing of a plat were not met. But even if valid, they argue that the dedicatory language is inapplicable to abutting property owners outside of Llangollen Estates proper.
I fail to see how these defendants can rely on any alleged defect in the dedication of this recorded plat. After all, its assumed legality formed the basis for most of the work which Gordy was permitted to do in the development. Indeed, many purchasers must have relied upon it. To a lesser extent it was the basis for the Highway Commission's action in taking over the maintenance of the paved portion.
A question arose at the trial as to whether the language of the plat dedicating Llangollen Boulevard for the use of abutting property owners was ambiguous. Mr. Gordy, president, testified that he did not intend to dedicate Llangollen Boulevard to the use of the abutting owners. To the extent it is material, I fail to find any ambiguity which would permit an oral variance from the language employed. In fact the alleged ambiguity was not even with respect to the right to use the Boulevard. This language was a conscious part of the approval by the Regional Planning Commission and indeed originated with the Commission. Plaintiffs' motion to strike such evidence must therefore be granted. Even if such evidence were to be considered, I do not believe the credible evidence sustains defendants' position.
Defendants attempt to say that the language was intended to apply only to the residents of Llangollen Estates is but another way of attempting to vary the clear language of the plat. This cannot be done. No question of reformation is involved.
I conclude that Gordy duly dedicated Llangollen Boulevard for the benefit, inter alia, of the land owned by plaintiffs and that plaintiffs are entitled to rely thereon. Thus plaintiffs have an easement by virtue both of the deed and the dedication. However, I do not believe plaintiffs have any greater rights over the "street" by virtue of the dedication than arise from the easement implied from the deed.
I next consider the more serious question of plaintiffs' alleged laches. This action was admittedly not brought until five years after the work complained of was completed. And no objection was made prior thereto. Plaintiffs were unaware of the planting and building on Llangollen Boulevard until after its completion. Moreover, I find that they cannot be charged with neglect in failing to know that the work was going on. Plaintiffs *479 lived in Wilmington and visited the property infrequently. The property had no real structures thereon.
Therefore, although plaintiffs were guilty of delay in bringing this action after finding out that Gordy had blocked their easement, nevertheless, defendant Gordy's principal change of position occurred before that time. Plaintiffs' delay therefore does not justify the denial of complete relief to plaintiffs.
However, plaintiffs did let the situation continue for a substantial period after finding out about the changes. Certain equities were thereby created in favor of defendants. I believe a Court of Equity is entitled to consider them in molding the relief to which plaintiffs are entitled. Thus, Llangollen Estates was made more attractive because of the improvements made on the Boulevard. Some prospective home owners in Llangollen Estates undoubtedly considered the attractive entrance to the development when they purchased. Moreover, the damages to the defendants could have been minimized had there been an earlier attack on the legality of defendants' action.
I believe that plaintiffs' rights are sufficiently recognized under the circumstances by granting them reasonable access roads from their parcels of land to the paved portion of the Boulevard. I do not believe the stone entrance walls should be removed. If plaintiffs feel certain other modifications are necessary I shall be glad to consider them. Plaintiffs must also bear the cost of any such changes.
Plaintiffs may file a suggested plan to effectuate the relief granted. Defendants, the State Highway Department and the Regional Planning Commission will be given an opportunity to comment on its reasonableness or make counter suggestions. The Court will then determine a reasonable form of relief for plaintiffs. Counsel may consult with the Court concerning procedure.
Order on notice.
NOTES
[1] See Reinhardt v. Chalfant, 12 Del.Ch. 214, 110 A. 663; affirmed 12 Del.Ch. 389, 113 A. 674.