86 A.2d 757 (1952)
PIERCE
v.
WAHL.
WAHL
v.
PIERCE.
Nos. 3, 12, September Session 1951.
Supreme Court of Delaware.
February 26, 1952.
*758 Robert C. Barab, of Wilmington, for plaintiff below.
Joseph Handler and Abraham Hoffman, of Wilmington, for defendant below.
Before SOUTHERLAND, C. J., and WOLCOTT and TUNNELL, JJ.
TUNNELL, Justice.
This action was brought in equity to obtain an accounting for wrongdoings allegedly committed by the defendant while he was serving Concord Products Corp. (hereinafter called "Concord") as managing director. Concord was a small, closely held corporation engaged principally in the sale and installation of storm sash and heating equipment. The defendant Pierce held 40% of the capital stock in Concord, and two men by the name of Carpenter and Tattersall held 40% and 20%, respectively. Inferentially it appears in the record that the three stockholders constituted the board of directors. The Chancellor found that the defendant Pierce and the company's bookkeeper, who took orders from Pierce, were in "almost exclusive control of the corporate records," and as to the subject-matter of the present suit, the Chancellor found that Pierce "did not make adequate disclosure of many of these matters to the other officers and stockholders." From the Chancellor's findings it clearly appears that Pierce was the dominating director.
Pierce had numerous other business connections in which the other stockholders of Concord had no interest. The particular one of these outside interests with which this case is most concerned was Pierce-Ellison Petroleum Co. (hereinafter called "Pierce-Ellison"), a corporation of which defendant was a director, officer, and the largest stockholder.
The alleged transactions upon which the plaintiff receiver relies for recovery were of five types:
1. Purchasing for Concord a quantity of oil burners and other heating equipment from Pierce-Ellison, although the stockholders and directors of Concord believed that these items were being bought directly from wholesale sources, resulting in a profit to Pierce-Ellison of $3,588.01.
2. Putting the entire salary of the bookkeeper upon Concord, when the other stockholders and directors believed that her salary was being paid, as originally was the case, half by Concord and half by other Pierce interests, there being no corresponding change in the bookkeeper's duties, which at all times involved services both to Concord and to other Pierce interests. This item amounted to $725.
3. Paying to Pierce-Ellison sums amounting to $690.95 for "truck hire", when the other directors of Concord believed that trucks were being loaned by Pierce-Ellison to Concord without charge, or when Concord's own trucks were available and could have been used, or when no truck of Pierce-Ellison's was in fact being used by Concord.
4. Without disclosure to the other stockholders, charging Concord with an item of $232, denominated "franchise charge", which was paid over to Pierce-Ellison to pay the coal bill of a third party by the name of Sellers, although Sellers gave no substantial consideration to Concord for the said $232, and although there was in fact no franchise charge to be paid.
5. Without disclosure to the other stockholders, increasing defendant's own compensation from Concord to the extent of $944.60.
After trial of the issues the Chancellor filed a letter opinion and entered a decree in favor of the plaintiff receiver ordering *759 defendant to account for the above items numbered "1", "4", and "5", respectively, and providing for the payment of interest thereon. In respect to item "2", the Chancellor found that plaintiff had not presented the "preponderance of the evidence" and that the payments to the bookkeeper were not "clearly unreasonable". A decree was thereupon entered in favor of the defendant for that item. As to item "3", the Chancellor found that defendant should have used more circumspection by way of procuring written consent, but that the charges for the truck hire involved were not in themselves improper. Accordingly, he gave the defendant "the benefit of the doubt" and entered a decree in defendant's favor in respect to this item.
Thereupon, cross-appeals were filed in this court, each party having appealed from such portions of the Chancellor's decree as were adverse to him.
As to all three of the items in respect to which the defendant has appealed, it appears that the oral testimony in respect to them was extensive and sharply conflicting, that they concern only issues of fact, and that the Chancellor resolved these issues in favor of the plaintiff. We, therefore, find that the disposition of this portion of the case falls within the scope of the familiar rule requiring affirmance, as heretofore announced by this court in cases of appeals from the Court of Chancery. Chalfant v. Reinhardt, 12 Del.Ch. 389, 113A. 674; Henderson v. Plymouth Oil Co., 16 Del.Ch. 347, 141A. 197; Blish v. Thompson Automatic Arms Corporation, Del.Ch. 64 A.2d 581, 604. The defendant's appeal must fail, and the Chancellor's decree will be affirmed as to items "1", "4", and "5", respectively.
Item "2", concerning which plaintiff appealed, presents a different problem. The arbitrary transfer of an employee from the Pierce-Ellison payroll to the Concord payroll without corresponding change of duty, when effected by a dominating director for his own benefit, would be prima facie an act of bad faith. The defendant, a fiduciary, would have the burden of proving the utmost good faith in a transaction so involving his own interest. The record does not disclose any such findings as would make it appropriate to hold, as the Chancellor did, that the matter turned on the plaintiff's failure to present "the preponderance of the evidence" on this point.
Further, defendant's transfer to Concord's payroll of the half of the bookkeeper's salary theretofore paid by Pierce-Ellison would not, if done in bad faith, fall within the scope of the reasonable judgment of a managing director or, for that matter, of a board of directors dominated by him; it would be an unlawful use of Concord's assets for his own benefit. Eshleman v. Keenan, 21 Del.Ch. 259, 187 A. 25; Loft v. Guth, 23 Del.Ch. 138, 185, 2 A.2d 225. The Chancellor's finding that the total amount of money paid the bookkeeper was not "clearly unreasonable" in relation to the services she performed, therefore, did not necessarily establish a defence. That Concord paid out no more money than would have been reasonable for it to pay in altered circumstances is no answer to the charge that under these circumstances Pierce made an illegal profit. Loft v. Guth, supra.
On the other hand, the entire issue concerning the bookkeeper's salary could be disposed of favorably to defendant by a finding of estoppel binding upon all stockholders. As to item "1", the Chancellor found that there was no such estoppel, but his opinion did not treat the question of estoppel in connection with this item. As his decree relates to this item, therefore, it lacks an indispensable support.
Item "3", concerning truck hire, also has two aspects. Obviously, if trucks of Concord were available, and if Pierce-Ellison trucks were used simply to make revenue for Pierce-Ellison, then it is not a sufficient defence that the time and mileage charges were reasonable for the equipment used. Conversely, if Concord did not have the necessary equipment, and Pierce in good faith obtained it from Pierce-Ellison at a fair price, there should be no recovery. The Chancellor's findings contain nothing on the subject of the necessity of *760 using trucks other than Concord's or of the defendant's good faith in using Pierce-Ellison's trucks, both of which were issues in the case in the absence of estoppel. On the other hand, as was the case with item "2", although estoppel could override the right of plaintiff to recover, no finding on the subject of estoppel appears.
Since the decree of the Chancellor does not result from the application of recognized principles of law to the facts he found, we are bound to reverse his decree as to items "2" and "3" and to remand the cause to the Court of Chancery for such further proceedings as may be necessary in the light of this opinion.