## BICKNELL *v.* COMSTOCK.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.

Submitted January 8, 1885.—Decided January 19, 1885.

The mutilation (without the consent and against the protest of the grantee) of a patent for public land, by the Commissioner of the Land Office, after its execution and transmission to the grantee, and the like mutilation of the record thereof, do not affect the validity of the patent.

A State statute of limitations as to real actions begins to run in favor of a claimant under a patent from the United States, on the issue of the patent and its transmission to the grantee.

The lapse of time provided by a statute of limitations as to real actions vests a perfect title in the holder.

This was an action to recover the consideration paid for a tract of land in Iowa, and the value of the improvements thereon, brought by defendant in error, as plaintiff below, against the plaintiff in error as defendant. The complaint alleged a conveyance by Bicknell to one Bennett, the subsequent transfer to the defendant by sundry mesne conveyances; valuable improvements on the premises made by Bennett and his grantees; and a failure of title in Bicknell when the deed was made, by reason of a superior title in the State of Iowa under a land grant. Judgment below for plaintiff, to reverse which this writ of error was brought.

*Mr. Edward F. Bullard* for plaintiff in error.

*Mr. A. B. Olmstead* for defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the Circuit Court for the Eastern District of New York.

The action is for a breach of covenants of warranty in a conveyance of land located in Iowa. It is a manifest attempt to obtain the judgment of this court on one of the complicated phases of the disputed titles growing out of the grants of lands on the Des Moines River to aid in improving the navigation of that river, and in constructing railroads through these lands, with a strong probability of the absence and ignorance of this suit, on the part of all the persons really interested in the questions here raised.

The plaintiff below, Comstock, is not the original grantee in the deed on whose covenants he sues. He does not allege that he has been evicted under any judicial proceedings from possession of the land, but, on the contrary, it is one of the agreed facts on which the case was heard by the court without a jury,

that defendant Bicknell, and those claiming under his deed, including, of course, the plaintiff, have been in the actual possession of the land in question ever since May 23, 1862, a period of more than twenty-two years.

We shall be able, however, to decide this case without answering the twenty-four errors assigned, by considering the thirteenth assignment alone, namely, that, under the facts in this case, the court should have found that a perfect title was vested in Bicknell to the lot in question.

One of the facts admitted in the case stated is this : " It is admitted that on the first day of May, 1869, a patent in due form was executed by the President of the United States, conveying to said Bicknell said lots 3 and 4, which patent was duly recorded in the General Land Office on the same day at Washington, D. C., and thereupon the original was transmitted to the United States land office at Fort Dodge, Iowa, for said Bicknell."

In June, 1878, the Commissioner of the General Land Office ordered a return of this patent to his office, and thereupon " tore off the seals and erased the President's name from said patent, and mutilated the record thereof in the General Land Office, all without the consent and against the protest of the grantees of said Bicknell."

That this action was utterly nugatory and left the patent of 1869 to Bicknell in as full force as if no such attempt to destroy or nullify it had been made, is a necessary inference from the principles established by the court in the case of *United States* v. *Schurz*, 102 U. S. 378. That principle is that when the patent has been executed by the President and recorded in the General Land Office, all power of the Executive Department over it has ceased.

It is not necessary to decide whether this patent conveyed a valid title or not. It divested the title of the United States if it had not been divested before, so that Bicknell, or his grantees, being in possession under claim and color of title, the statute of limitation began to run in their favor.

The agreed case further finds, that " it is also admitted that the defendant Bicknell and his grantees have been in actual

possession of the premises in question ever since May 23, 1862, and during that period made permanent improvements upon said lot 3 of the value of more than $6,000."

As all title was out of the United States prior to this deed, in which this suit is brought, and vested in some one else capable of suing under the various acts cited to defeat Bicknell's title, or passed out of the United States by the patent to Bicknell in 1869, at the latest, the case makes a continued uninterrupted possession under Bicknell's title, adverse to all the world, of fifteen years.

Under the statute of Iowa ten years of such possession is a perfect bar to any action to recover the land, and this applies to suits in chancery as well as actions at law. (See Code of Iowa, section 2529, subdivision 5.)

The defence, therefore, of the plaintiff in this action to any suit brought against him for the land covered by Bicknell's deed is perfect, and he is in the undisturbed possession of the land held under Bicknell's claim for over twenty-two years.

This court has more than once held that the lapse of time provided by the statutes makes a perfect title.

In *Leffingwell* v. *Warren*, 2 Black, 599, it is said that " the lapse of time limited by such statutes not only bars the remedy, but it extinguishes the right, and vests a perfect title in the adverse holder."

And this doctrine is repeated in *Croxall* v. *Shererd*, 5 Wall. 289, and in *Dickerson* v. *Colgrove*, 100 U. S. 578, 583.

The court was asked on the trial to rule that under the facts found in this case a perfect title was vested in Bicknell to the lot in question. And though this may not be literally true in regard to Bicknell, we think it is true in regard to the title of Bicknell under which the property is now held by plaintiff.

For this reason

*The judgment of the Circuit Court is reversed, with directions to enter a judgment for defendant Bicknell on the agreed facts.*