## JOSEPH C. COWGILL *vs.* WILLIAM H. HURLEY.

**1. HIGHWAYS—LAYING OUT ROAD—LIABILITY OF TRESPASSER.**

One relying on an order of the levy court directing the opening of a road as justification for entering on another's land must show that the road was laid out in accordance with such order.

**2. HIGHWAYS—LAYING OUT ROAD—TREES AND TIMBER IN HIGHWAY.**

When a public road is laid out under an order of the court, the public acquires only such rights therein as the public easement requires, and the owner is not divested of his title, and does not part with the incidents of the soil not needed for the improvement, or repair of the road, or of the system of which it forms a part; and hence, subject to this right, he is entitled to trees within the limits of the right of way necessary to be removed, and a person opening the road, who takes such trees without giving the owner an opportunity to remove them, is liable for their reasonable value.

**3. HIGHWAYS—LAYING OUT ROAD—LIABILITY OF TRESPASSER.**

One opening a road under an order of court is bound to follow the courses and distances contained in the return made to and confirmed by the commissioners, and in the absence of landmarks, set up by the commissioners, should employ a competent surveyor to ascertain the route, in order that he may discharge his duties with due care and proper regard for the rights of the owner of the fee; and he is answerable for any deviation from the line of the road returned and confirmed, arising from malice, negligence, or omission to exercise his best skill and judgment.

**4. HIGHWAYS—TRESPASS TO LAND—MEASURE OF DAMAGES.**

The measure of damages for exceeding the statutory width in opening a road and cutting timber on the land in excess of such width was the value of the land in excess of such width before the trespass, and the value thereof after the cutting and removal of such timber.

**5. HIGHWAYS—QUESTIONS FOR JURY—AMOUNT OF RECOVERY.**

In an action against a person opening a road under an order of the court, for removing for his own use wood and timber within the limits of the road, the reasonable value of such timber was to be determined by the jury from the preponderance of the evidence.

(*April* 30, 1913.)

PENNEWILL, C. J., and BOYCE and CONRAD, J. J., sitting.

*William M. Hope* for plaintiff.

*Thomas C. Frame, Jr.*, for defendant.

Superior Court, Kent County, April Term, 1913.

ACTION OF TRESPASS Q. C. F. (No. 21, April Term, 1912) for cutting and removing trees in laying out a new public road under an order of court. The questions of fact and law presented fully appear in the charge of the court.

· . BOYCE, J., charging the jury:

Gentlemen of the jury:—This is an action of trespass brought by Joseph C. Cowgill, the plaintiff, against William H. Hurley, the defendant, to recover damages for the alleged breaking and entering the close or lands of the plaintiff, in East Dover Hundred, this county, on the first day of December, A. D. 1911, and destroying certain trees and bushes and injuring the soil and earth of the said close, and taking and carrying away certain timber and wood, in connection with the opening of a new public road through the said lands of the plaintiff.

It is admitted that the said road was laid out, over and across the lands of the plaintiff, by virtue of an order of the Court of General Sessions, under an act of Assembly in that behalf, and that damages were duly assessed to the plaintiff in the sum of one hundred dollars; that the Levy Court subsequently approved of the road, ordered it to be opened, which, under an agreement, hereinafter mentioned, was opened, and, after acceptance by the Levy Court, the damages assessed to the plaintiff were paid to and accepted by him.

[1]  The defendant relies upon his plea of not guilty and a special plea of justification by said order of court. In relying upon his plea of justification he must show that the road was laid out in accordance with said order of court. *Huey v. Hendrixen et al.*, 1 *Harr*. 145.

[2]  Whenever a public road is laid out under an order of court, the public acquires in the highway only such rights as the public easement therein requires. The owner of the fee is not divested of his title, and he does not part with the incidents of the soil not needed for the improvement or repair of the road, or of the system of which it forms a part. 2 *Elliott, Roads and Streets*, § 879. Subject to this right, trees standing within the limits of the right of way, and necessary to be removed, for the proper enjoyment of the right of way, belong, when removed, to the owner of the fee, and cannot be taken for private use. And if so taken, the owner of the fee can maintain an action of trespass to recover damages therefor. 2 *Lewis on Eminent Domain* (3d Ed.) § 853, says: "In regard to superfluous materials, the proper

course would seem to be to notify the owner of the fee to remove them if he desires to do so. If, after a reasonable time has elapsed, he has not done so, then the public authorities may make any disposition of them they see fit.''

In the present case there was no evidence introduced to show that the owner of the fee was either requested or given the opportunity to remove the wood and timber.

[3] In opening a new road, the person engaged to do so, no less than a road overseer, or other person in authority, is answerable for any deviation from the line of the road returned to and confirmed by said court, if that deviation arises from malice, negligence or omission to exercise his best skill and judgment in the performance of his duty. He is bound to follow the courses and distances contained in the return made to and confirmed by the court; and, in the absence of landmarks set up by the commissioners appointed to lay out the road, it is the duty of the person opening the same to employ a competent surveyor to ascertain the route according to the courses and distances as shown by such return, before proceeding to open the road, in order that he may discharge his duties with due care and proper regard for the rights of the owner of the fee. *Huey v. Richardson*, 2 *Harr.* 206.

It is admitted that the right of way for said new road across the lands of the plaintiff was woodland; that the Levy Court, acting within its powers, made an agreement with one Tebo to have said roadway cleared and put in order for public use and their acceptance, for the price or sum of one hundred and sixty dollars, and that the said Tebo sublet the contract to the defendant, who claims that he was to receive and be permitted to take away the timber growing and standing within the limits of the roadway for his own use, as in part payment for preparing the road as aforesaid. The defendant admits that in pursuance of and under his alleged contract with said Tebo he did take for his own use a part of the timber and wood which he removed from the said roadway; but he denies taking all of it, and he claims that that portion which he did take was not worth any such sum as claimed by the plaintiff, and not more than sixteen dollars.

The plaintiff claims that the defendant, contrary to the

statute providing that all public roads in Kent County shall be thirty feet wide, cut and cleared off across his land for the road (a distance of five hundred feet) from thirty-nine feet wide on the south to forty-four feet wide on the north. The defendant denies that he cut and cleared more than thirty feet in width.

The evidence introduced by the plaintiff, in support of his declaration, was directed to damages alleged to have been sustained by him: *first*, for the value of the wood and timber cut within the proper limits of the roadway and alleged to have been removed and converted by the defendant to his own use, which it is claimed amounts to one hundred dollars; *second*, for the injury alleged to have been done to the plaintiff's land, outside of the proper limits of the roadway, and for damages for the value of the wood, and timber alleged to have been cut therefrom and removed and converted by the defendant to his own use, which it is claimed amounts to the further sum of one hundred dollars.

The defendant claims that he was shown the center line of the road, and that he followed the same and did not cut a greater width on each side thereof than fifteen feet, or thirty feet in all, as required by said order of court. You are to determine from the evidence, if you can, whether the defendant did open the said roadway according to the courses and distances and within the limits as shown by the said return of the commissioners, in evidence before you. If the way was so opened and did not exceed thirty feet in width, then the defendant is not answerable to the plaintiff in any damages so far as the mere opening of the road is concerned.

[4] If you should find that the defendant in opening the way for the road did exceed thirty feet in width, and that he did so carelessly and negligently, without the exercise of proper precaution, skill, and judgment, such as we have indicated, he would be liable for whatever damages the plaintiff has sustained by reason of any cutting of timber, etc., on his land, in excess of thirty feet.

The measure of damages for such injury, if you find it was committed, would be the difference in the value of the land, in excess of the thirty feet required for the road, before the alleged

trespass and the value thereof after the alleged cutting and removal of the timber.

[5]   The defendant admits that he took for his use some of the wood and timber cut by him within the limits of the thirty-foot way.   You have heard the testimony of the several witnesses as to the value of the timber actually cut by the defendant; and it is for you to say from all the evidence considered in connection with our instructions to you upon the law, what damages the plaintiff has suffered, and to render your verdict accordingly.

The plaintiff is entitled to recover, at least, for the reasonable value of such timber and wood as the defendant did cut and convert to his private use.   What that value is you should determine from the preponderance of the evidence.

Verdict for the plaintiff.