**Ethel C. DEAKYNE, Plaintiff,**

v.

**COMMISSIONERS OF LEWES, a Delaware Municipal corporation, et al., Defendants.**

**Civ. A. No. 2969.**

United States District Court, D. Delaware.

Aug. 4, 1971.

Clement C. Wood, of Allmond & Wood, Wilmington, Del., and Basil C. Clare, Chester, Pa., of counsel, for plaintiff.

James M. Tunnell, Jr., and William O. LaMotte, III, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants.

## OPINION

LATCHUM, District Judge.

This case is presently before the Court on the plaintiff's motion to strike three affirmative defenses asserted in the defendants' amended answer. The relevant background may be summarized as follows:

The plaintiff, Ethel C. Deakyne ("Mrs. Deakyne"), is the record title owner in fee simple of a certain tract of land in the Town of Lewes, Sussex County, Delaware, generally located on the northeast side of the Lewes and Rehoboth Canal and on the north side of Market Street ("the Deakyne tract"). The Deakyne tract originally included the bed of a roadway, known as Anglers or Marsh Road ("Anglers Road"), which traverses

the tract approximately parallel to the Canal.[1]

Mrs. Deakyne, a Pennsylvania citizen, brought this action to recover damages caused by an alleged trespass by the defendants, the Commissioners of the Town of Lewes, the Town's Board of Public Works and others (collectively called "the Town").[2] The trespass allegedly occurred when the Town caused a sewer line to be installed under Anglers Road. Mrs. Deakyne claims that Anglers Road was a part of her property and that the sewer line interfered with its possible commercial development as a marina, resulting in a decrease of its market value.

After a jury trial, a verdict was returned in Mrs. Deakyne's favor in the amount of $16,000 general damages and $600 punitive damages. Judgment for $16,600 was entered against the Town. One of the individual defendants, Bayard Coulter, filed a post-trial motion for judgment notwithstanding the verdict, which was granted. The other defendants filed post-trial motions for a new trial, which were denied. Deakyne v. Commissioners of Lewes, 44 F.R.D. 425 (D.Del. 1968).

Upon appeal, the Court of Appeals for the Third Circuit reversed the decision of this Court and granted the Town's motion for a new trial. Deakyne v. Commissioners of Lewes, 416 F.2d 290 (C.A. 3, 1969). The reversal was based on this Court's error in refusing to permit the Town to amend its pleadings at trial for the purpose of asserting a defense based on 17 Del.C. § 509, which provides that twenty years of public user and maintenance is enough to establish a road as public. The Court of Appeals held that, if the necessary period of public user and maintenance were proved to the satisfaction of the jury, 17 Del.C. § 509 afforded

the Town a complete legal defense to the action for trespass.

Upon the remand of the case to this Court, the Town, with Mrs. Deakyne's consent, amended its answer,[3] to plead three affirmative defenses, as follows:

*"FIRST AFFIRMATIVE DEFENSE*

"At the time of construction of the sewer line under and along Anglers Road, the road was a public road by virtue of Section 509 of Title 17 of the Delaware Code (1953), in that it had been [laid out as a public road, or made by lawful authority, or] used as a public road and maintained at public charge for 20 years or more. Defendants were authorized by law to construct the sewer line under or along public roads."

*"SECOND AFFIRMATIVE DEFENSE*

"At the time of construction of the sewer line under and along Anglers Road, title to the land in which the sewer line was laid was in the Town of Lewes by virtue of the Town's open, notorious and hostile possession of the land for more than 20 years, and the Town is the sole and exclusive owner thereof."

*"THIRD AFFIRMATIVE DEFENSE*

"Plaintiff has not been damaged by the existence of the sewer line under or along Anglers Road in that at the time the sewer line was constructed under or along the road, the public had acquired a right of way in the road by virtue of its continuous, uninterrupted and adverse use thereof for more than 20 years."

Thereafter Mrs. Deakyne moved to strike all three of the affirmative de-

---

1. By a deed dated May 1, 1963, recorded in Sussex County in Deed Book 560, page 169, Mrs. Deakyne conveyed the fee of Anglers Road to the Town, reserving all rights which she might have had to recover damages from the defendants for laying the sewer line in Anglers Road in 1962.

2. The amount in controversy exceeds $10,-000. Jurisdiction exists by virtue of 28 U.S.C. § 1332.

3. Docket items No. 55 and 57.

fenses for various reasons. This Court later called a conference of trial counsel at which time the Court raised certain additional legal questions and requested the parties to submit further memoranda as to their positions, with the view to more clearly delineating the legal and factual issues to be resolved at the retrial. The parties have filed additional memoranda and the legal issues are now ripe for determination.

In its supplemental memorandum,[4] the Town abandoned its claims, asserted in the First Affirmative Defense, that Anglers Road became a public road by virtue of its being "laid out as such" or that it was made a public road "by lawful authority". In effect, the Town has eliminated the language set apart by brackets in the First Affirmative Defense quoted above. The Town has also abandoned its entire Second Affirmative Defense, which asserted a prescriptive claim to the *fee* of Anglers Road.[5]

In addition, the Town has clarified the nature of its Third Affirmative Defense. By this defense, the Town contingently claims a right-of-way in Anglers Road by virtue of common law prescription, as distinguished from a statutory *right-of-way* established by twenty years of public user and maintenance, as specified in 17 Del.C. § 509. In this regard the Town states: "We recognize that Section 509 of Title 17 of the Delaware Code altered and superseded the common law; however, plaintiff has challenged the constitutionality of this statute, so that the Town wishes to rely upon this defense in the unlikely contingency that plaintiff's challenge to

the constitutionality of Section 509 should be successful." [6]

*Taking Property Without Due Process of Law.*

Mrs. Deakyne first seeks to strike the First Affirmative Defense on the ground that 17 Del.C. § 509 as construed by the Court of Appeals is unconstitutional in that it amounts to a taking of her property without due process of law and without just compensation.

17 Del.C. § 509 reads as follows:

"All public roads, causeways and bridges laid out as such, or made by lawful authority, or which have been used as such and maintained at the public charge for 20 years or more are declared to be common highways. The usage by the public for 20 years or more of any road shall not cause the road to become a common highway or public road, unless the same has been maintained at the public charge for 20 years or more."

The Court of Appeals held that a fair reading of the statute demonstrates that a public road could be established upon a showing that it had been used by the public for twenty years or more and had been maintained at public expense for the same length of time. This was said to be an alternative method to the formal dedication of a public road by an owner [7] or to the establishment of a public road by public authority.[8]

Mrs. Deakyne argues that the Court of Appeals' construction of § 509, which is binding upon this Court as the law of the case, makes the Act constitu-

---

4. Docket item No. 87, pp. 2–3.

5. Docket item No. 87, p. 2.

6. Docket item No. 87, p. 2.

7. A public road "laid out as such" means that a fee title owner by some affirmative act or deed manifested an intention to devote the road to public use and that it became accepted as such by the public. See Reinhardt v. Chalfant, 12 Del.Ch. 214, 110 A. 663, 665 (1920), aff'd 12 Del.Ch. 389, 113 A. 674 (Del.Supr. 1921); Fulton v. Town of Dover, 8

Houst. 78, 12 A. 394, 401 (Del.Err. & App.1888), *modifying* 6 Del.Ch. 1, 6 A. 633 (1886).

8. A public road "made by lawful authority" means one that was established prior to 1935 by Court Order in the manner prescribed by Del.Rev.Code 1935 § 1672; or by the State Highway Department under 17 Del.C. § 132, or by the Town of Lewes under its Municipal Charter, 24 Del.Laws, Chap. 220 §§ 9 & 10 and 43 Del.Laws, Chap. 170 § 10, or by some like public authority pursuant to law.

tionally invalid because it deprives her of "property without due process of law" in violation of the Fourteenth Amendment of the United States Constitution [9] and Art. 1, Sec. 7 and Art. 1, Sec. 8 of the Delaware Constitution, Del. C.Ann.[10] This argument is without merit.

■ Under the common law of Delaware a right of way for a public road could be acquired after twenty years of uninterrupted use of the road by the public. In this situation the long "public use" of the road was "evidence" of a fictional dedication, since the inference arose that the owner intended the road to be devoted to public use. But by § 1077 of the Rev.Del.Code of 1852, the common law was qualified. To the requirement of twenty years of uninterrupted use by the public § 1077 added the necessity of showing that the road had been maintained at public expense for twenty years. This was explained by Judge Harrington in Johnson v. Stayton, 5 Har. 448 (Del.Super.1854) as follows:

> "By the common law of England, and of this State, *twenty* years of uninterrupted use of a road by the public, was evidence of a dedication of the road by the land owners to the public. The reasonable inference in respect to such a road is, that if the owner of the land through which it runs will permit the public to use it without interruption or objection, for the space of twenty years, this is evidence of its dedication and gift to the public as a road." (5 Har. at 449).

> *   *   *   *   *   *

> "The Legislature has qualified the common law in this State respecting roads claimed to be such by dedication. So many neighborhood roads exist by the indulgence of land owners, that the common law was considered harsh in reference to forfeiting private land by indulgence, and the Legislature has required that such a road shall have not only been used, but maintained and kept up by the public for twenty years, to make it a public road against the owner of the land." (5 Har. at 450).

■ Statutes, such as § 509, providing that twenty years of public user and maintenance at public expense establishes a public road, are in the nature of statutes of limitation or statutes of repose. State v. City of Seattle, 57 Wash. 602, 107 P. 827, 831 (1910); Palm Beach County v. South Florida Conservancy Dist., 126 Fla. 170, 170 So. 630, 632 (1936); 11 McQuillin, Municipal Corporations (3d Ed. 1964) § 33.04. "The statutes of limitation are founded in wisdom and sound policy. They have been termed statutes of repose, and are regarded as highly beneficial. They proceed on the principle that it is to the interest of the public to discourage the litigation of old or stale demands * *." Boston v. Bradley's Executor, 4 Har. 524, 526 (Del.Super.1847).

■ Another purpose of such statutes is to quiet title. Shipp v. Miller's Heirs, 2 Wheat. (15 U.S.) 316, 324, 4 L. Ed. 248 (1817). This is founded upon the proposition that persons who sleep on their rights may lose them. Burnett v. New York Central R. Co., 380 U.S. 424, 428, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). Property rights may be established by a statute of limitations. Bicknell v. Comstock, 113 U.S. 149, 152, 5 S.Ct. 399, 28 L.Ed. 962 (1885); *note* Campbell v. Holt, 115 U.S. 620, 623, 6 S.Ct. 209, 29 L.Ed. 483 (1885). Statutes

---

9. The Fourteenth Amendment of the United States Constitution reads: " * * * nor shall any State deprive any person of * * * property, without due process of law. * * *"

10. Art. 1, Sec. 7 of the Delaware Constitution reads: " * * * nor shall [any person] be deprived of * * * property, unless by the judgment of his peers or by the law of the land." Art. 1, Sec. 8 of the Delaware Constitution provides: " * * * nor shall any man's property be taken or applied to public use without the consent of his representatives, and without compensation being made."

of repose are designed to compel a person to press the assertion and vindication of a claim within a reasonable time.

The United States Supreme Court has consistently held that statutes of limitation are constitutional. In Montoya v. Gonzales, 232 U.S. 375, 34 S.Ct. 413, 58 L.Ed. 645 (1914), the Court considered a statute which provided that possession for ten years under a deed purporting to convey title to any lands which had been granted by Spain, Mexico or the United States, gave title in fee to the land specified in the deed, if within the ten-year period no suit was brought disputing that title. The Court held that the statute did not unconstitutionally take property without due process of law. Mr. Justice Holmes stated:

"* * * the statute simply enacts that possession for ten years of the front and cultivable portion of a strip under a deed carrying the whole of it back to the ridge of the Puerco, shall give title to the whole. *We can see no taking of property without due process of law.* A statute of limitations may give title. [citations omitted]. The disseisee has notice of the law and of the fact that he is dispossessed, and that a deed to the disseisor may purport to convey more than is fenced in. If he chooses to wait ten years without bringing suit, he is not in a position to complain of the consequences * * *" 232 U.S. at 378, 34 S.Ct. at 414. (Emphasis supplied).

██ ██ There is thus nothing unconstitutional about statutes of limitation which fix a reasonable time within which a party is permitted to bring suit and which establishes forfeiture of title as the legal prescription against those who fail to sue. Such statutes are merely statutes of repose. Leffingwell v. Warren, 2 Black (67 U.S.) 599, 606, 17 L. Ed. 261 (1862). Every government is under an obligation to its citizens to afford them all needful legal remedies, but it is not constitutionally bound to keep its courts open indefinitely for one who neglects or refuses to apply for redress

until it may fairly be presumed that the means by which the other party might disprove his opponent's claim are lost in the lapse of time. Terry v. Anderson, 95 U.S. 628, 24 L.Ed. 365 (1877).

██ Establishing a public road through public user and maintenance under § 509 simply does not "deprive" the plaintiff of property without due process of law or just compensation within the meaning of the United States or Delaware Constitutions. *See* Bigelow v. City of Springfield, 178 Mo.App. 463, 162 S.W. 750, 755 (1914); *cf.* Reese v. Borghi, 216 Cal.App.2d 324, 30 Cal.Rptr. 868, 871 (1963). If the evidence in this case should show that Anglers Road was uninterruptedly used by the public for twenty years or more and was maintained at public expense for that length of time, then under 17 Del.C. § 509 a public road was established for which the plaintiff may not recover possession or maintain an action for damages.

*Doctrine of Estoppel by Record and Res Judicata*

Mrs. Deakyne asserts a second ground in support of her motion to strike. She contends that the judgment rendered in Deakyne v. Lewes Anglers, Inc., 204 F. Supp. 415 (D.Del.1962) constitutes an estoppel by record or is *res judicata* with respect to the issue of whether Anglers Road is a private or public road. In the *Lewes Anglers* case Mrs. Deakyne brought suit to eject Lewes Anglers, Inc. from her property. Judge Leahy found that the record title to the land (through which a part of Anglers Road passes) was in Mrs. Deakyne rather than in Lewes Anglers, Inc. The Court ejected Anglers, Inc. from the property and awarded judgment for $1080 mesne profits.

██ The *Lewes Anglers* case, however, has no relevancy to the present action. Neither the doctrine of *res judicata* nor the doctrine of estoppel by record is applicable except in suits between the same parties or those in legal privity with them. Lowber's Lessee v. Beauchamp, 2 Har. 139, 140 (Del.Super.1836);

Burton v. Hazzard, 4 Har. 100, 101 (Del. Super.1844); Epstein v. Chatham Park, Inc., 2 Storey 56, 153 A.2d 180, 184 (Del. Super.1959); Williams v. Daisey, 7 W. W.Harr. 161, 180 A. 908, 910 (Del.Super. 1935). Since the Town was not a party to the *Lewes Anglers* case the judgment rendered in that case does not preclude the Town in this suit from raising, as an affirmative defense, the fact that, under the provisions of 17 Del.C. § 509, Anglers Road has been established as a public road by twenty years user and maintenance.

*Constitutional Defect in Title of Act*

■■■ Mrs. Deakyne claims that 17 Del.C. § 509 is unconstitutional because it violates Art. 2, Sec. 16 of the Delaware Constitution. That provision reads: "No bill or joint resolution, except bills appropriating money for public purposes, shall embrace more than one subject, which shall be expressed in its title."

The forerunner to 17 Del.C. § 509 was originally enacted as Chap. 60, Sec. 1 of the Rev.Del.Code of 1852 (§ 1077). That provision read:

> "All public roads, causeways, and bridges, heretofore laid out as such, or made by lawful authority, or which have been used as such and maintained at the public charge for twenty years, are declared to be common highways."

The same language was carried over to § 1566 of Del.Rev.Code, 1915.[11] The law was amended in 1917 by 29 Del. Laws, Chap. 106, p. 292, which was entitled "An Act to amend Chapter 55 of the Revised Code of the State of Delaware, by defining what highways shall be deemed to be public roads." The amended act reads:

> "All public roads, causeways and bridges heretofore laid out as such, or made by lawful authority, or which

have been used as such and maintained at the public charge for twenty years or more are declared to be common highways. But the usage by the public for twenty years or more of any road shall not cause the said road to become a common highway or public road, unless the same has been maintained at the public charge for twenty years or more."

The identical language of 29 Del.Laws, Chap. 106, p. 292, was adopted verbatim in Rev.Del.Code of 1935, § 1657 (Chap. 55, sec. 13), and this provision, in practically the identical language, was codified in the Rev.Del.Code of 1953 as Title 17, § 509.[12]

When § 1077 of the Rev.Del.Code of 1852 was adopted there was no provision in the Delaware Constitution comparable to Art. 2, Sec. 16 of the Constitution of 1897 (now in effect).[13] Thus there could have been no defect in the original title of the forerunner of 17 Del.C. § 509. In order to meet the standards of Art. 2, Sec. 16 of the Delaware Constitution, the body of an act must be germane to the act's title. State v. Hobson, 7 Terry 381, 83 A.2d 846, 854–855 (Del.Supr.1951); Monaghan v. Lewis, 5 Pennewill 218, 59 A. 948, 949 (Del.Supr.1905). The title of the 1917 act, 29 Del.Laws, Chap. 106, which amended the statute and added the second sentence to § 509, had a legally sufficient title because the body of the act was obviously germane to its title.

Furthermore, when 17 Del.C. § 509 was codified in the 1953 Code, the title of the Act adopting the 1953 Code was constitutionally sufficient.[14] Monacelli v. Grimes, 9 Terry 122, 99 A.2d 255, 267–268 (Del.Supr.1953); State v. Durham, 6 Storey 170, 191 A.2d 646, 649 (Del. Super.1963); State v. Jackson, 239 A.2d 215, 216 (Del.Super.1968). Thus, the Court finds the claim, that 17 Del.C. §

---

11. The comma after "causeways" was omitted.

12. A few unnecessary words were omitted.

13. The Constitution of 1831 was then in effect.

14. The bill was titled, "An Act to Revise, Recodify, Arrange and Consolidate Into a Code the Public and General Statutes of the State of Delaware."

509 is unconstitutional because of a defective title, is without merit.

*Right to Lay Sewer Pipes in Public Roads*

Mrs. Deakyne contends that when a public road comes into existence by dedication of the owner, or by being laid out by Court order, or by twenty years user and maintenance by the public, the public acquires only an easement for road purposes and the fee title remains in the abutting owners, who retain full dominion and control over the road bed, subject only to the public road easement. The Town apparently agrees with this position generally. However, the Town contends that a public road easement, no matter how acquired, includes the right to lay sewer, water and gas lines beneath the surface of such public road. After fully considering the matter, this Court agrees with the Town.

■ It appears clear that when a public road is dedicated as such or laid out by public authority or comes into existence from twenty years of public user and maintenance, the fee simple owner of the land, where the road is located, is not divested of his fee title. Cowgill v. Hurley, 4 Boyce 151, 86 A. 731, 732 (Del.Super.1913); 1 Patton on Titles (2d ed. 1957) § 143.

■ It has been stated that a public road easement is made up of three spacial elements: (1) the road surface; (2) so much above the surface to afford clearance for traffic; and (3) so much beneath the surface as is necessary for constructing the foundation of the roadway and for laying water and gas pipes and for building sewers, drains and the like. 10 McQuillin, Municipal Corporations (3d ed. 1966) § 30.06; 1 Elliott, Roads and Streets (4th ed. 1926) § 20. Indeed, the decisional law of Delaware, which is binding upon this Court in this diversity suit, supports this view.

Vice Chancellor Marvel in State Highway Department v. Roberts, 42 Del.Ch. 486, 215 A.2d 250 (1965) held that the laying out by an owner of a street, which was thereafter accepted by the public through use, not only amounted to a dedication of the street surface for public use, but also impliedly included enough of the subsoil as was necessary for the laying of sewer lines. On this point, the Court said:

"Finally, there is no basis in fact or law for defendants' contention that only the surface of the streets of Eden Park Gardens has been dedicated to the public for use by it. The public use resulting from dedication includes the right to grade as well as to lay sewers and other conduits." 215 A.2d at 255–256.

In so holding, the Vice Chancellor relied upon Levi v. Schwartz, 201 Md. 575, 95 A.2d 322, 328 (Md.App.1953) which held:

"Where land is dedicated for the purpose of a public street, the municipality acquires not only the easement of passage but also the right to grade and improve the surface of the street, and to lay sewers, drains and pipes for various utilities beneath the surface."

The same result was reached by the New Jersey Supreme Court in Haven Homes, Inc. v. Raritan Township, 19 N. J. 239, 116 A.2d 25, 28 (1955).

■ Accordingly, the Court is of the opinion that when an easement for a public road is acquired from uninterrupted public user and maintenance for twenty years under 17 Del.C. § 509, the public not only acquires an easement for passage over the surface but also obtains the right to grade and improve the surface and the right to lay sewers, drains and pipes for various utilities beneath the surface. Consequently, Mrs. Deakyne's arguments on this issue must also be rejected.

An order will be entered in accordance with this opinion.