Ethel C. DEAKYNE, Plaintiff,

v.

COMMISSIONERS OF LEWES et al., Defendants.

Civ. A. No. 2969.

United States District Court, D. Delaware.

April 27, 1972.

**954**

Clement C. Wood, of Allmond & Wood, Wilmington, Del., and Basil C. Clare, Chester, Pa., of counsel, for plaintiff.

James M. Tunnell, Jr., and William O. LaMotte, III, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants.

## MEMORANDUM OPINION AND ORDER

LATCHUM, District Judge.

This is a diversity action brought by the plaintiff, a Pennsylvania citizen, against the defendants, the Commissioners of the Town of Lewes, the Town's Board of Public Works and others (collectively called "the Town"). The plaintiff sought to recover damages for an alleged trespass which occurred when the Town caused a sewer line to be installed under Anglers Road in Lewes, Delaware. The plaintiff claimed that Anglers Road was a part of her property and that the sewer line interfered with its possible commercial development as a marina, resulting in a decrease of its market value.

A second jury trial, which commenced on December 1, 1971, resulted in a verdict for the Town.[1] The case is present-ly before the Court on plaintiff's motion for judgment N.O.V., pursuant to Rule 50(b), F.R.Civ.P., or for a new trial pursuant to Rule 59(b).

### A. *Plaintiff's Motion For Judgment N.O.V.*

The plaintiff contends that the Court erred in failing to direct a verdict for the plaintiff since there was no proof of maintenance at public expense of Anglers Road for the years 1945 and 1946, and therefore, the defendants' proof of continuous maintenance at public expense for 20 years as required by 17 Del.C. § 509 failed. (Docket Item 120, p. 18, Issue II, Error 1).

█ There is no merit to this contention. Evidence was introduced by the Town to prove that Anglers Road was maintained at public expense for the years 1945 and 1946. Mr. Clayton H. Ellis testified that he traveled Anglers Road almost every day from 1930 into the 1960's and that the Town of Lewes maintained the road throughout that period. (Ellis, Tr. 15–18).[2] Likewise, Mr. J. Orton Marshall, who was responsible for the Town employees who actually repaired the public roads in Lewes during the time he was Commissioner from 1937 through 1946, testified that Anglers Road (sometimes known as Marsh Road) was repaired just like all other public roads in Lewes while he was Commissioner. (Marshall, Tr. 94). Mr. William H. Creadich testified that he was Superintendent of Roads in the Town of Lewes from 1943 to 1966 and that he supervised the repair of Anglers Road during his tenure "[w]henever it needed to be done". (Tr. 343–346).[3] Considering the totality of the evidence on the issue of 20 years continuous maintenance of Anglers Road at public expense in the light most favorable to

---

1. For prior proceedings in this case see Deakyne v. Commissioners of Lewes, 44 F.R.D. 425 (D.Del.1968), rev'd Deakyne v. Commissioners of Lewes, 416 F.2d 290 (C.A.3, 1969); Deakyne v. Commissioners of Lewes, 329 F.Supp. 1133 (D. Del.1971).

2. Tr. refers to certain portions of the trial transcript of the second trial which has been transcribed.

3. The citation here is to pages of the transcript of the first trial which were read into the record of the second trial verbatim.

the Town against whom the motion is directed, as I am required to do under Rule 50(b), Ambrose v. Wheatley, 321 F.Supp. 1220, 1222 (D.Del.1971), I find that the evidence and the reasonable inferences arising therefrom were legally sufficient for submission of that issue to the jury.

Accordingly, the plaintiff's motion for judgment N.O.V. will be denied.

### B. *Plaintiff's Motion For A New Trial*

In seeking a new trial the plaintiff argues that the Court's charge to the jury was inadequate, erroneous or prejudicial to the plaintiff in four respects.

■ First, the plaintiff contends that the Court erred in refusing to charge that the public use of Anglers Road under 17 Del.C. § 509 had to be a hostile, continuous and exclusive use. (Docket Item 120, pp. 5–18, Issue I, Errors 4 and 10). However, 17 Del.C. § 509 does not require this showing for a public road to be established. The clear meaning of the statute is that a public road can be established if it is uninterruptedly used by the public for 20 years and is maintained at public expense for the same length of time. See Deakyne v. Commissioners of Lewes, footnote 4, 416 F. 2d 290, 293 (C.A.3, 1969). The New York statute and cases based on that statute cited by the plaintiff are inapplicable. The New York statute, unlike the Delaware statute, contains no requirement in addition to the *use* of the road by the public for an extended period. The Delaware statute requires not only public use for 20 years but also maintenance at the public charge for an equivalent period.

Second, the plaintiff argues that the Court erred in refusing to charge that in order to show public maintenance of Anglers Road, the Town had to show express written "exercise of dominion" over the road. In short, nothing less than specific written authorization from the Commissioners pertaining to each act of maintenance of Anglers Road would suffice, according to plaintiff. (Docket Item 120, pp. 14–16, Issue I, Errors 5 and 9).

■ Despite plaintiff's contention, it is clear that 17 Del.C. § 509 simply refers to maintenance "at the public charge for 20 years or more" and means no more than the road was maintained with public funds. From the standpoint of the character of consistency and substantiality of this maintenance in order to give reasonable notice to the land owner that the road is being maintained at public expense, plaintiff's contention has no significance. Town equipment and Town employees repairing and maintaining the road look no different to the observer whether their work was specifically authorized by a writing or whether it was performed as a matter of course in the normal procedure for maintaining all Town roads.

■ Third, the plaintiff asserts that the Court erred in refusing to charge the jury that even though the public acquired a right of way for passage over Anglers Road by virtue of 17 Del.C. § 509, the easement did not give the Town the right to lay a sewer line beneath the road. (Docket Item 120, pp. 16–17, Issue I, Error 8). The Court has previously rejected this contention in prior proceedings in this case. The Court's reasons were fully set forth in Deakyne v. Commissioners of Lewes, 329 F.Supp. 1133, 1141 (D.Del.1971) and they need not be repeated here.

■ Fourth, the plaintiff contends that the Court erred in refusing to charge the jury on the question of "estoppel." (Docket Item 120, p. 24, Issue I, Error 6). The plaintiff requested a proposed charge which stated, in part:

"It [equitable estoppel] arises when a person by his acts, representations or admissions, or even by his silence when it is his duty to speak, intentionally or through culpable negligence induces another to believe that certain facts exist and the other person right-

fully relies and acts on such belief and will be prejudiced if the former is permitted to deny the existence of such act."

In support of her contentions on this point, plaintiff relies on the testimony of Mr. Otis Smith, a former Mayor of Lewes. While Smith's testimony has not been transcribed, it is the Court's recollection that the conference at which the alleged disclaimer was made concerned the disputed record title of the Metcalf lands which the plaintiff had purchased. Anglers Road was not even mentioned at the conference, much less considered and discussed. There was absolutely no evidence in the record on which to base the proposed charge of estoppel. The sole topic of discussion at the conference was whether the Town disputed plaintiff's record title in the Metcalf lands. The Town in this suit admits the plaintiff's record ownership and thus is not taking a contrary position to that of the former Mayor. At trial the Town relied on its right to place the sewer on the fact that Anglers Road had become a public road under the provisions of 17 Del.C. § 509 and not on any defect in plaintiff's record title.

Two additional errors are charged in the conduct of the trial which, according to the plaintiff, were so prejudicial as to require a new trial.

■ First, plaintiff says she was prejudiced by the Court permitting into evidence the purchase price which she paid for the Burton and Metcalf tracts of land. (Docket Item 120, pp. 19–23, Issue 3, Error 2). The testimony in question showed that within two years prior to the time that the plaintiff was claiming $90,000 or more as the value of the highest and best use of the land, plaintiff had actually paid $3,700 for it. This price was clearly relevant to the question of the value of land for damage purposes. It was simply one factor in the overall damage picture which properly could have been considered by the jury if it had reached that question.

■ But even if it is conceded *arguendo* that the evidence should not have been admitted, the error was not sufficiently prejudicial as to require a new trial. Since the jury found for the Town, it necessarily determined that Anglers Road was a public road. The jury obviously never considered any of the evidence relating to alleged damages.

Finally, the plaintiff argues that it was prejudicial error to admit two news articles (DX 7 and 8) which appeared in a weekly newspaper printed in Lewes in 1937 and 1938. The news articles referred to Anglers Road as being built by the Town. At the pre-trial conference, the Court had been forewarned that the articles would be offered in evidence. Having fully considered the matter, they were admitted for the reasons stated by the Court and which appear in the Trial Transcript at pp. 151–155 on the authority of Dallas County v. Commercial Union Assurance Co., 286 F.2d 388 (C.A.5, 1961).

■ But even assuming that the articles should not have been admitted for the limited purpose allowed, they deal with the Town's construction of Anglers Road in the years 1937 and 1938. If these articles were incorrect and that the road was constructed by some other organization or private group, there is nevertheless sufficient independent evidence in the record to prove that the road was maintained at public expense from 1939 through 1959, and beyond, to meet the 20 year requirement of 17 Del. C. § 509. In that event, the error, if error, was harmless. Plaintiff's motion for a new trial will also be denied.